# KATE TRUAN v. LONDON GUARANTEE & ACCIDENT COMPANY.[1]

January 16, 1914.

Nos. 18,409—(176).

**Garnishment.**

A guarantee insurance company *held* not liable as garnishee upon a judgment against the assured on an indemnified risk, where, at the time of service of the garnishee summons and when disclosure was made, it held a valid claim for policy premiums against assured in excess of such judgment, though it defended the main action, the rule of Patterson v. Adan, 119 Minn. 308, being inapplicable.

[1] Reported in 145 N. W. 26.

The London Guarantee & Accident Co., Ltd., was summoned as garnishee in an action in the district court for St. Louis county, wherein defendant Kate Truan recovered judgment against the Range Power Co. The disclosure was taken before Hughes, J., and plaintiff's motion for judgment against the garnishee for the amount of her judgment was granted. From the judgment entered pursuant to the order for judgment, the garnishee appealed. Reversed.

*Alexander Marshall,* for appellant.
*Austin & Austin,* for respondent.

PHILIP E. BROWN, J.

Appeal by the garnishee from a judgment adjudging a recovery against it in plaintiff's favor.

The facts are undisputed. Those material are: On June 5, 1910, the garnishee issued a policy, agreeing to indemnify defendant against loss from liability imposed by law upon it for damages on account of bodily injuries accidentally suffered by any person or persons not employed by assured during the year following, to the extent of $5,000. The instrument contained the usual undertaking to defend, in assured's name and behalf, suits brought against it for recoveries contemplated by the policy, payment of costs, and provided no action should lie against the assurer for any loss thereunder, unless brought by assured for loss actually sustained after payment thereof by it in money, all substantially as set out in the policy considered in Patterson v. Adan, 119 Minn. 308, 138 N. W. 281. Assured stipulated therein to pay premiums calculated at the rate of $4\frac{3}{4}$ per cent on the entire compensation earned by its employees during the period of the policy, estimated at $142.50, and, further, if at the end of such period the entire compensation exceeded this estimate, then assured would immediately pay the additional premium earned. Plaintiff obtained judgment against defendant for $452.41, in an action, commenced September 8, 1911, to recover $20,000, grounded on an accident indemnified by the policy and occurring during its life, the defense whereof was conducted by the garnishee in the name and behalf of assured, but

at its own cost and expense, though the latter became insolvent and its effects passed into the hands of a receiver July 26, 1911, upon whose appointment a renewal issued June 5, 1911, was cancelled. Plaintiff, after return of execution unsatisfied, garnished appellant, and the facts stated were disclosed. Appellant, however, denied liability, and it appeared that, at the time of service of the garnishee summons and disclosure, defendant was indebted to it, for unpaid premiums on the original policy, in the sum of $815.16. Judgment was subsequently entered against the garnishee on the disclosure for the amount of plaintiff's judgment, and this appeal followed.

No claim is made by appellant that the legal relations of the parties were in any wise affected by the receivership. The question involved is: As to plaintiff, was the garnishee indebted to defendant under the facts disclosed? Relying mainly upon Patterson v. Adan, supra, plaintiff insists on an affirmative answer, contending assurer's assumption and conduction of the defense in the main action imposed a liability to pay the judgment recovered, notwithstanding defendant's indebtedness to it in a greater amount for unpaid premiums on the policy in force at the time of the accident. As pointed out by Mr. Justice Bunn, in Butler Bros. v. American Fidelity Co. 120 Minn. 157, 164, 139 N. W. 355, 358, referring to the Adan case:

"The question * * * was whether the insurer was liable to pay the amount of a judgment rendered against the insured after a trial of the issue, but before the insured had paid such judgment."

This court held in the case referred to that the assurer could not take sole charge of the defense of an action seeking a recovery indemnified by the policy, to the exclusion of the assured, according to its right thereunder, and, after judgment entered against defendant, deny obligation to pay assured the amount thereof, not exceeding, however, the limit of liability stipulated in the policy, and also that the sum payable could be recovered in garnishment proceedings instituted by plaintiff—the fact of defendant's nonpayment of the judgment being regarded neither as a contingency nor condition precedent to its liability therein. Notwithstanding ap-

pellant's vigorous argument to the contrary, it is difficult to assign reasons, aside from those of a technical character, for holding otherwise. Defendant's insolvency in the present case illustrates the propriety of the rule; for under such circumstances assurer would otherwise often escape liability, simply because of assured's inability to pay the judgment. No fair purpose can be subserved, as between parties to the policy, by the useless circuity of requiring assured first to pay the judgment with its money and the assurer forthwith to reimburse. But the general language of the opinion must be taken as confined, and as intended by the court to be confined and applicable, to a determination of the particular questions involved (State v. Johnson, 111 Minn. 255, 262, 126 N. W. 1074), and these clearly did not include the present inquiry. Plaintiff was not a party to the contract, and by its terms the amount of the premiums could be ascertained only at termination of the policy period. She can neither object to the stipulation in this regard, nor complain because the assurer, who was under no legal obligation to her to do either, failed to collect or declined to file a claim therefor with the receiver. If defendant had paid the judgment and sued the garnishee, beyond doubt the latter could have offset its claim for unpaid premiums. It would be unjust to penalize the assurer and deprive it of this right, merely because it exercised a further contractual right in defending the action, for the outcome of which it might be held responsible and where the verdict was for one-fiftieth of the amount demanded, thus placing it in a worse position than it would have occupied had defendant paid the judgment in accordance with the strict terms of the policy. This cannot be done. See Bacon v. Felthous, 103 Minn. 387, 390, 115 N. W. 205. Moreover, insistence on its claim to offset is not an assertion inconsistent with the obligation assumed in defending the action because, among other reasons, a much larger verdict could have been returned under the allegations of the complaint. We hold the assurer was not indebted to defendant at the time of garnishment.

Judgment reversed.