THOMAS F. TIGHE & others *vs.* MARYLAND CASUALTY COMPANY.

Suffolk.    May 20, 1914. — September 9, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, DE COURCY, & CROSBY, JJ.

*Insurance,* Against liability. *Superior Court. Words,* "Court of last resort."

Under a provision, contained in a policy of insurance against loss from liability imposed by law upon the insured for damages on account of bodily injuries, that no action shall lie against the insurer for any loss under the policy unless it is paid by the insured in satisfaction of a judgment, "nor unless such action is brought within ninety days after such judgment, by a court of last resort," the payment of a judgment of the Superior Court, which under R. L. c. 157, § 3, has exclusive original jurisdiction of such an action, satisfies the requirement.

Under a provision, contained in a policy against loss from liability imposed by law upon the insured for damages on account of bodily injuries, that such loss shall not be recovered unless paid by the insured in satisfaction of a judgment "after trial of the issue," it is no defense to an action on the policy that the judgment paid by the plaintiff was obtained by default without a trial, if the plaintiff gave adequate and seasonable notice of the action to the insurer and the insurer appeared and filed an answer and afterwards declined to defend the action; as the insurer cannot be allowed to take advantage of the non-performance of a condition precedent due to its own mistake or misconduct.

CONTRACT, upon a policy of liability insurance, for the sum of $5,181.50 paid by the plaintiffs upon a judgment obtained against them by one Matthew Adler, a minor, in an action for bodily injuries, the plaintiffs alleging that they gave seasonable notice to the defendant of the claim of Adler against them. Writ dated August 18, 1910.

In the Superior Court the case was tried before *Aiken,* C. J. The material portions of the policy were as follows:

"In consideration of Two Hundred Sixty and 25/100 Dollars (260.25) estimated premium and the statements hereinafter set forth in the Schedule of Statements, which statements the Assured makes and warrants to be true by the acceptance of this policy, except the statements concerning the number of drivers and their compensation, which are estimated, the Maryland Casualty Company, hereinafter called the Company, hereby agrees to indemnify T. Tighe and Sons, of Boston, County of Suffolk, State of Massachusetts, hereinafter called the Assured, for a period of Twelve months, beginning on the thirtieth day of December, 1905, noon, and ending on the thirtieth day of December, 1906, noon, standard time, at the place where this Policy has been countersigned, against loss from the liability imposed by law upon the assured for damages on account of bodily injuries or death, accidentally suffered while this Policy is in force, by any person or persons, by means of the draught or driving animals of vehicles for which a charge is made in the premium, and the use thereof as hereinafter set forth while in charge of the Assured or the Assured's employees, subject to the following conditions:

· · · · · · · · ·

"Condition C. Upon the occurrence of an accident the Assured shall give immediate written notice thereof, with the fullest

information obtainable at the time, to the Company's Home Office or to the Company's authorized agent. If a claim is made on account of such accident, the Assured shall give like notice thereof with full particulars. The Assured shall at all times render to the Company all co-operation and assistance in his power.

"Condition D. If thereafter any suit is brought against the Assured to enforce a claim for damages on account of an accident covered by this Policy, the Assured shall immediately forward to the Company's Home Office every summons or other process as soon as the same shall have been served on him, and the Company will, at its own cost, defend such suit in the name and on behalf of the Assured unless the Company shall elect to settle the same or to pay the Assured the indemnity provided for in Condition A hereof.

.     .     .     .     .     .     .     .     .

"Condition F. No action shall lie against the Company to recover for any loss under this Policy unless it shall be brought by the Assured for loss actually sustained and paid in money by the Assured in satisfaction of a judgment after trial of the issue; nor unless such action is brought within ninety (90) days after such judgment, by a court of last resort, against the Assured has been so paid and satisfied. The Company does not prejudice by this condition any defenses to such action it may be entitled to make under this Policy."

The defendant based its only defense on alleged non-compliance by the plaintiffs with the requirements of Condition C and Condition F.

The material evidence is described in the opinion. The defendant asked the Chief Justice to make the following rulings:

"1. Upon all the evidence and pleadings in this case, the plaintiffs are not entitled to recover.

"2. If the jury find that the plaintiffs are entitled to recover they cannot recover a sum greater than the amount actually paid by the plaintiffs in satisfaction of a judgment with interest from the date of the writ in this action, and in no event can the plaintiffs recover in this action a sum greater than $5,000.

"3. The court instructs the jury that if the jury shall find that the plaintiffs are entitled to recover in this action, there can be no recovery beyond the sum of $5,000."

The Chief Justice refused to make these rulings and submitted the case to the jury without referring in his charge to Condition F of the policy. The jury returned a verdict for the plaintiff in the sum of $5,000 with interest at six per cent, amounting to $5,675; and the defendant alleged exceptions.

The case was submitted on briefs.

*E. I. Taylor & J. W. Britton*, for the defendant.

*D. H. Coakley & J. G. Walsh*, for the plaintiffs.

BRALEY, J. By the terms of the policy the plaintiffs as the assured were bound under Condition C to give immediately written notice of the accident, either to the home office of the company or to its authorized agent, "with the fullest information available at the time." *Rooney* v. *Maryland Casualty Co.* 184 Mass. 26. It was urgently insisted at the trial, that the plaintiffs had failed to comply with this requirement. But, whether seasonable notice with all available particulars had been given, was a question of fact on the evidence, which properly was submitted to the jury. *Greenough* v. *Phœnix Ins. Co.* 206 Mass. 247, 249.

The verdict having disposed of that ground of defense, the defendant relies on the failure of the plaintiffs to comply with the terms of Condition F in bar of their right of recovery. *Lamson Consolidated Store Service Co.* v. *Prudential Fire Ins. Co.* 171 Mass. 433, 435. This clause provides, that "No action shall lie against the Company to recover for any loss under this Policy unless it shall be brought by the Assured for loss actually sustained and paid in money by the Assured in satisfaction of a judgment after trial of the issue; nor unless such action is brought within ninety (90) days after such judgment, by a court of last resort, against the Assured has been so paid and satisfied. The Company does not prejudice by this condition any defenses to such action it may be entitled to make under this Policy." But under Condition D it was obliged at its own cost to defend the action in the name and behalf of the plaintiffs, unless the company elected to settle, or to pay the assured the full amount of the indemnity stipulated. This condition was inserted for its own benefit. It does not contend that, as required by Condition D, the notice received from counsel for the person injured, and the summons served upon them in the action of tort

which followed, were not promptly transmitted by the plaintiffs to its duly authorized attorney, who entered an appearance and filed an answer. The plaintiffs having complied with all precedent conditions, and the defendant not having exercised the option of paying the indemnity, leaving them to make such defense or settlement as they might be advised, it absolutely controlled the suit, and the situation. It either could defend or compromise as it might determine. *Nesson* v. *United States Casualty Co.* 201 Mass. 71, 73. It is true the defendant's "attorney in charge" states in a letter to the plaintiffs, that the entry of an appearance and filing of an answer were for the purpose of avoiding a default, with a reservation of all the company's rights under the policy, and "that if it shall appear that we have been prejudiced by your failure to duly notify us of the accident we desire to retain the right to withdraw our defense of said action." It is likewise true that subsequently the "writ" with a copy of the declaration and answer were returned to the plaintiffs with a statement by the defendant's counsel, that, having been prejudiced by the failure of the plaintiffs to give notice, the company declined to defend the case, or to "assume your liability." But the jury has settled this assumption adversely to the defendant, and the condition in question is to be read and applied accordingly. *Young* v. *Hayes*, 212 Mass. 525, 533. The record recites, that, after the defendant's counsel had withdrawn, the plaintiffs, who did not contest the question of liability, were defaulted, and that, damages having been assessed by a jury, they have satisfied the execution which issued on the judgment.

The defendant's first contention, that the judgment was not rendered by a court of last resort, cannot be sustained. The Superior Court had original and exclusive jurisdiction of the action. R. L. c. 157, § 3. It had full authority to order and to enter judgment for damages, assessed either upon default or after trial of the issues. R. L. c. 173, § 109; c. 177, §§ 1, 4. *Dalton-Ingersoll Co.* v. *Fiske*, 175 Mass. 15. *Bailey* v. *Edmundson*, 168 Mass. 297. And the limitation, that if the assured satisfies the judgment he must sue on the policy within ninety days "after such judgment by a court of last resort" has been so paid, necessarily refers to the judgment terminating the litigation entered by a court having jurisdiction of the cause and the parties.

The second contention is, that the loss was not sustained and paid in satisfaction of a judgment obtained after a trial of the issue of the plaintiffs' liability. The defendant's withdrawal, however, was conditional. It rested upon the plaintiffs' failure to give the notice. But, as the notice had been duly given and received, it had assumed the defense. The plaintiffs, therefore, who were not in default, had the right to treat what the company had done as an election to undertake the defense in accordance with its express promise found in Condition D. *O'Connell* v. *New York, New Haven, & Hartford Railroad*, 187 Mass. 272, 278. If it had performed that which it engaged and undertook to perform, the plaintiffs would have received the full benefit and protection of the indemnity bargained for, and for which they paid the "estimated premium." It cannot repudiate the contract in part and rely upon it in part, or insist upon a condition precedent the non-performance of which has been caused by itself. *Brown* v. *Henry*, 172 Mass. 559, 567, 568. *Young* v. *Hunter*, 6 N. Y. 203, 207.

The defendant's primary position in avoidance of liability was taken deliberately under the advice of counsel, and it should not be permitted to set up its own mistaken and unjustifiable conduct as having worked a forfeiture of the policy. *Lowe* v. *Harwood*, 139 Mass. 133. *Beharrell* v. *Quimby*, 162 Mass. 571, 574, 575. *Whitten* v. *New England Live Stock Ins. Co.* 165 Mass. 343. *Barrie* v. *Quinby*, 206 Mass. 259, 268. *Knickerbocker Life Ins. Co.* v. *Norton*, 96 U. S. 234.

It follows from the views expressed, which have the sanction of a majority of the court, that the presiding judge rightly denied the first request for a ruling that the plaintiffs could not recover; and the exceptions to the refusal to rule that the plaintiffs were not entitled to interest, but were limited to the amount specified in Condition A for loss from an accident resulting in bodily injuries to one person, not having been argued, are to be treated as waived.

*Exceptions overruled.*