## ERNEST MAHR v. MARYLAND CASUALTY COMPANY.[1]

March 3, 1916.

Nos. 19,562—(168).

**Garnishment — liability of indemnity company.**

1. Defendants were insured by appellant against liability for personal injuries. In an action for such injuries, brought against the defendants, appellant assumed the defense and carried the litigation to final judgment, other counsel employed by defendants participating in the defense. Judgment was entered for plaintiff, and appellant surety company was garnished. *Held*, following and applying Patterson v. Adan, 119 Minn. 308, that appellant is subject to proceedings in garnishment based upon the judgment, which as between plaintiff, defendants and appellant is a debt or liability of the appellant.

[1]Reported in 156 N. W. 668.

**Garnishment upon judgment entered pending appeal from an order.**

2. A judgment is sufficient upon which to base garnishment proceedings, though upon an appeal from an order denying a new trial without a supersedeas the order is affirmed on condition that the plaintiff consent to a reduction of the verdict within a stated time after the going down of the remittitur, and that otherwise there be a new trial, neither party having caused the remittitur to be filed.

**Offset against insured after discharge in bankruptcy.**

3. In such proceedings the casualty company cannot offset against its liability arising subsequent to the bankruptcy of the defendants provable claims in its favor arising prior to bankruptcy and provable therein, either for premiums earned on the policy from which its liabilty arose, or on other policies, or for sums paid in discharge of its liability on bonds issued for the defendants on construction contracts, the bankrupts having been discharged in bankruptcy.

Action in the district court for Hennepin county. Judgment for $11,602.25 was entered in favor of plaintiff. The Maryland Casualty Company, on February 4, 1915, was garnished and made its disclosure. The motion of plaintiff for judgment against the garnishee was granted, Michael, J., in the sum of $5,038. From the judgment entered pursuant to the order for judgment, the garnishee appealed. Affirmed.

*Barrows, Stewart & Ordway,* for appellant.
*Larrabee & Davies and Floyd B. Olson,* for respondent.

SCHALLER, J.

Appeal by the Maryland Casualty Company from a judgment against it as garnishee entered July 30, 1915.

The plaintiff brought an action against the defendants for personal injuries. A verdict was had in his favor on February 5, 1914. Defendant moved for a new trial, which motion was denied. From the order denying the motion plaintiff appealed to this court on May 14, 1914. No supersedeas bond was filed. On June 25, 1914, judgment was entered for the plaintiff for $11,602.25. Plaintiff garnished the Maryland Casualty Company which had executed its indemnity bond to the defendants.

The casualty company, as it had the right to do under the policy, assumed the defense of the action, although personal counsel for defendants were associated with it and assisted on the trial. On December 11, 1914, the order from which the appeal was taken was affirmed in this court on condition that the plaintiff within ten days after the going down of the remittitur file his consent to a reduction of the verdict to $8,500, otherwise a new trial was granted. Mahr v. Forrestal, 127 Minn. 475, 119 N. W. 938. No remittitur has been filed and no consent to the reduction has been given.

1. It was held in Patterson v. Adan, 119 Minn. 308, 138 N. W. 281, 48 L.R.A.(N.S.) 184, that upon a judgment being entered against the assured it became, as between the plaintiff and the defendant and the surety company, a liability or debt owing by the company to the assured which was subject to garnishment. We apply and follow that case. There the surety company assumed the exclusive control of the defense. Here it was assisted by defendants' personal counsel. We do not think that the latter fact is sufficient to distinguish this from the Patterson case and adhere to the rule of liability therein stated. The appellant was subect to garnishment on the judgment.

2. The proceedings on appeal did not vacate the judgment entered June 25, 1914. Upon the going down of the remittitur there will be a new trial, unless the plaintiff files a consent to the reduction. The effect of a new trial would be to vacate the judgment. 1 Dunnell, Minn. Dig. § 444. If the consent is filed it will operate as a reduction. Until the remittitur goes down and there is a consent to the reduction filed or a failure to file such consent, the judgment is in full effect.

3. Appellant claims certain offsets against the plaintiff's demand. One is for the premium on the insurance policy out of which its liability arises. Another is for premiums on other policies. Still another is for amounts paid by the appellant on its liability as surety on construction contracts of the defendants and for amounts paid in a similar way on policies issued by another surety company to the assets and liabilities of which appellant succeeded. The defendants were adjudged bankrupts on January 13, 1914, and were discharged in May, 1914. The garnishment proceedings were instituted February 4, 1915. All of the claims interposed as offsets arose prior to the bankruptcy and were prov-

able debts. Bankruptcy Act of July 1, 1898 (30 St. 544, c. 541, § 63). All were proved except the claims for insurance premiums. Provable debts are released by the discharge. Bankrupt Act, § 17; Collier, Bankruptcy (10th ed.) p. 384, and cases cited; 3 Remington, Bankruptcy (2d ed.) § 2731, et seq. and cases cited. See also Williams v. U. S. Fidelity & Guaranty Co. 236 U. S. 549, 35 Sup. Ct. 289, 59 L. ed. 713. After the discharge the casualty company could not recover of the defendants the premiums earned, nor the sums expended in the payment of liabilities on construction bonds. The casualty company has no lien or equity, because a portion of the premium sought to be offset was earned on the policy from which liability arises. If plaintiff had failed in this action, the company could not have recovered the premium earned.

If the defendants had not become bankrupt, the casualty company could have interposed in the garnishment proceeding an offset for premiums earned on the policy on which its liability arose. Truan v. London Guarantee & Accident Co. 124 Minn. 339, 145 N. W. 26. Whether in the event of the bankruptcy of the defendants and their discharge the casualty company could offset against its liability accruing prior to bankruptcy a claim for premiums earned on the policy, or claims for other premiums or upon other causes of action against the defendants, all such claims accruing prior to bankruptcy, within the principle of Norfolk & W. Ry. Co. v. Graham, 145 Fed. 809, 76 C. C. A. 385, and Steinhardt v. National Park Bank, 120 N. Y. App. Div. 255, 105 N. Y. Supp. 23, we need not consider; for the liability of the casualty company did not accrue until after bankruptcy. The verdict in the personal injury case was returned after bankruptcy, though prior to the discharge, and judgment was entered after the discharge. It is clear enough that the company could not offset claims accruing prior to bankruptcy which were provable, against its liability which arose subsequent to bankruptcy.

Judgment affirmed.