# STANDARD PRINTING COMPANY v. FIDELITY & DEPOSIT COMPANY OF MARYLAND.[1]

### November 16, 1917.

### No. 20,403.

**Liability insurance — action by employer against insurer — payment of employee's judgment.**

1. When the insurer in an employer's liability policy assumes the exclusive control of the defense of a suit upon an employee's claim, it becomes liable for the payment of a judgment obtained by the employee, and an action may be maintained by the employer to recover from the insurer the amount of the judgment for the benefit of the employee without payment of the judgment.

**Same — defense by insurer to action by employee.**

2. Having once assumed the defense, the insurer cannot relieve itself of this measure of liability by an unwarranted withdrawal from the case.

**Same — prosecution of action for benefit of employee.**

3. There was no impropriety in an agreement by the employer to prosecute the suit for the benefit of the employee, nor in counsel commenting on that fact.

**Same — recovery of employer's expenses.**

4. Under such circumstances, the employer may recover expenses incurred in defense of the employee's action after the insured withdrew, without payment of such expenses.

Action in the district court for Hennepin county to recover $1,363.87 upon defendant's policy. The facts are stated in the opinion. The case was tried before Fish, J., who at the close of the trial denied motions for directed verdicts, and a jury which returned a verdict for $1,183. From

[1]Reported in 164 N. W. 1022.

an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Briggs, Thygeson & Everall,* for appellant.

*Kerr, Fowler, Schmitt & Furber,* for respondent.

HALLAM, J.

In July, 1913, plaintiff carried a liability policy in defendant company. Georgia Arabella Johnson, an employee of plaintiff, was injured in the course of her employment and sued plaintiff for damages.

The summons and complaint were turned over to defendant for attention. Defendant assumed the defense of the action and employed attorneys to that end. Its attorneys answered, interviewed witnesses, and made the usual investigation incident to a lawsuit. As the time approached for trial, two of defendant's representatives called on plaintiff's secretary for the purpose of further preparing the case for trial. A dispute arose; defendant accused plaintiff of refusing to co-operate with defendant in defending the action, and in fact accused plaintiff of assisting the employee in the prosecution of her case, and thereupon defendant, assigning such want of co-operation, withdrew from the defense of the case and notified plaintiff in writing to that effect. Plaintiff employed other attorneys and the case was tried. The employee recovered a verdict and a judgment in the sum of $963.87. Defendant refused to pay the judgment. By that time, plaintiff had become insolvent and had transferred all its assets to its principal creditor, and this creditor agreed to pay plaintiff's debts, not including this claim. No other debt or claim was outstanding. There was no recourse for the collection of this judgment from plaintiff, except by resort to stockholders' liability. It was then agreed between the judgment creditor and plaintiff that plaintiff would give its promissory note to Miss Johnson for the amount of her judgment, and that she would satisfy the judgment. It was further agreed that she should have the benefit of any recovery which plaintiff might have against the defendant under its bond. Thereupon the note was given, the judgment satisfied and this action brought on the bond. This case was submitted to a jury and a verdict was rendered for plaintiff.

The policy was in the usual form. It required defendant to defend any suit brought against plaintiff to enforce a claim covered by the bond

138 M—20

and to pay the expense of the litigiation. It gave to defendant the exclusive control of the case with the right to settle or litigate as it saw fit, and denied the right of plaintiff to interfere. It required plaintiff, when requested by defendant, to aid in securing information, evidence and the attendance of witnesses, and to render all co-operation and assistance within its power. The trial court charged the jury that, if plaintiff broke this provision of its contract, defendant was justified in withdrawing from the defense and was relieved from liability on its bond, but that if plaintiff did not break its contract in this particular then plaintiff might recover. The jury by its verdict in effect found that plaintiff did not break its contract and that defendant's withdrawal from the case was wrongful or without warrant.

1. The court did not submit the question whether the transaction mentioned was a bona fide payment of the judgment. Exception was taken to its failure to do so. It may be that this question, if material, should have been submitted to the jury, but we do not think it was material. Under the rule laid down in Patterson v. Adan, 119 Minn. 308, 138 N. W. 281, 48 L.R.A.(N.S.) 184, plaintiff might maintain this action without payment of the judgment. The policy in question in that case was the same as in this case. In that case it was held in substance that where the insurer undertakes the defense of a suit upon an employee's claim and answers and assumes exclusive control of the suit, it becomes liable for the payment of the claim when established, and the judgment establishes a debt due from the insurer to the insured, which is not dependent on any contingency, that payment of the judgment is not a condition precedent to its liability to pay, and that as to the plaintiff-employee, this debt was subject to garnishment in a suit against the insured.

If the judgment is, as to the employee, a debt due from the insurer to the insured, not dependent on any contingency, as held in the Adan case, clearly it was a debt which the insured might recover in an action for the benefit of the employee. The Adan case has been followed in other cases in this state and the same rule has been followed in some other states. Elliott v. Aetna Life Ins. Co. 100 Neb. 833, 161 N. W. 579, L.R.A. 1917C, 1061; Davies v. Maryland Casualty Co. 89 Wash.

571, 154 Pac. 1116, 155 Pac. 1035, L.R.A. 1916D, 395, 398. We adhere to the decision in the Adan case.

2. Defendant contends that, by withdrawing from the defense of the action after it had once assumed the defense, it took itself out of the rule of the Adan case. The jury found that the conduct of defendant in withdrawing from the defense was unwarranted. Our opinion is that when defendant once assumed the defense of the personal injury action, it made an election that was irrevocable, except for cause, and that defendant could not by any unwarranted conduct on its part place itself in a better position than it would have been in had it gone ahead with the defense it had once assumed. Tighe v. Maryland Casualty Co. 218 Mass. 463, 106 N. E. 135; Compton H. L. Co. v. General A. F. & L. A. Corp. 195 Mo. App. 313, 190 S. W. 382, 385.

3. Exception is taken to the fact that evidence was received to the effect that the suit was really brought for the benefit of Miss Johnson, and that any verdict obtained by plaintiff would inure to her benefit, and to comment on that fact by plaintiff's counsel in his address to the jury. This was the transaction in fact. We see no impropriety in the transaction, for it simply gave the benefit of the insurance to the injured person, who, as stated in the Adan case, was the person it was "indirectly intended to benefit." [119 Minn. 314] We see no impropriety in proof of the real transaction nor in comment upon it on the trial.

4. Contention is made that the court erred in allowing recovery for expenses incurred by plaintiff in defending the damage suit after defendant withdrew therefrom, since there is no evidence that the expense had been paid.

A majority of the court are of the opinion that this ruling was right. The bond provides that no action shall be brought against the insurance company for expenses incurred by the assured in the defense of a suit for damages brought by an employee, unless the assured has actually made payment of such expenses. This is interwoven into the same section as the provision for similar payment of the judgment. Another section of the bond obligated the insurance company to pay "all expenses * * * incurred by the company (defendant) in defending any suit." When the company assumed control of the case it made all,

such expenses its own obligation as much as it made the liability on the claim for damages its own obligation.

Order affirmed.