## MARY POWERS v. OLE O. WILSON.[1]

February 8, 1918.

No. 20,686.

**Garnishment of insurance company — case followed.**

1. Judgment having been entered against defendant upon a claim against which the casualty company had insured him under a policy substantially the same in effect as the policy considered in Patterson v. Adan, 119 Minn. 308, the liability of the company upon its policy was subject to garnishment under the rule announced in that case and followed in subsequent cases.

**Insurance — insurer not released by insured's failure to furnish supersedeas bond.**

2. As the policy required the casualty company to defend the action at its own expense and contained no provision requiring defendant to furnish a supersedeas bond in case of appeal and the company accepted and used a bond for costs, his failure to furnish a supersedeas bond did not release the company from liability.

**Same — conditional settlement by insured not within terms of policy.**

3. The verdict was for $12,500; the policy for $5,000. An appeal was taken to this court without giving bond to stay proceedings. Thereafter plaintiff entered judgment and issued an execution under which she seized all of defendant's property. Defendant then made an agreement for settlement conditioned upon the company paying the amount of the policy. The company refused to pay and continued the litigation to a final conclusion. *Held* that making this conditional agreement did not release the company as its rights were not affected thereby.

After the former appeal, reported in 138 Minn. 407, 165 N. W. 231, plaintiff entered judgment against defendant and garnisheed Georgia Casualty Company. That company made disclosure that its liability for loss on account of an accident resulting in bodily injuries to one person was limited to $5,000. Plaintiff's motion for judgment on the disclosure in the sum of $5,134.77 was granted, Haupt, J. From the judg-

[1] Reported in 166 N. W. 401.

ment entered pursuant to the order for judgment, Georgia Casualty Company appealed.    Affirmed.

*Denegre & McDermott* and *Harry S. Stearns,* for appellant.

*John J. Kirby,* for respondent.

TAYLOR, C.

Plaintiff brought suit against defendant for injuries sustained in an automobile accident and recovered a verdict for $12,500.    An appeal was taken to this court from an order denying a new trial, and the order was affirmed on condition that the verdict be reduced to the sum of $10,000.    Powers v. Wilson, 138 Minn. 407, 165 N. W. 231.    In her present brief plaintiff states that she has accepted and complied with the condition.    The Georgia Casualty Company had issued a policy to the defendant, insuring him against such claims to the amount of $5,000, and when the suit was brought took charge of and conducted the defense under a provision in the policy which authorized it to do so.    As the amount involved exceeded the liability of the company under its policy, defendant, at the suggestion of the attorneys for the company, employed another attorney to represent him personally.    This attorney consulted and advised with the attorneys of the company during the litigation, but took no active part in its conduct or management.    When the appeal was taken to this court defendant gave a bond for costs but no supersedeas bond was given.    Thereupon plaintiff entered judgment upon the verdict and shortly thereafter garnisheed the casualty company.    Upon the disclosure and the evidence taken in connection therewith, the district court rendered judgment against the casualty company as garnishee for the full amount for which it was liable under its policy, and from this judgment the casualty company has taken the present appeal.

The only question presented by the assignment of error is whether the disclosure and the evidence submitted in connection with it are sufficient to sustain the judgment.

The company contends that it is not liable upon the policy, for the reason that the policy provided that no action should be brought thereon until a final judgment had been rendered against defendant and had been actually paid by him.    Although this provision in this policy differs somewhat from the provision considered in Patterson v. Adan, 119 Minn.

308, 138 N. W. 281, 48 L. R. A. (N. S.) 184, we are of opinion that it is substantially the same in effect, and falls within the rule announced in that case and subsequently applied in Mahr v. Maryland Casualty Co. 132 Minn. 336, 156 N. W. 668, and Standard Printing Co. v. Fidelity & Deposit Co. 138 Minn. 304, 164 N. W. 1022, to which we adhere.

The company also contends that it is not liable for the reason that defendant failed to furnish a supersedeas bond and thereby stay proceedings upon the verdict.

The policy provides that "the company will, at its own cost, defend such suit in the name and on behalf of the assured." Under this provision the attorneys for the company took full control of the defense to the action and carried it on as they saw fit with such assistance as defendant and his attorney were able to give them. Defendant was unable to furnish a supersedeas bond, but, as the result of a conference with the attorneys of the company, furnished a bond for costs which the company accepted and used in perfecting the appeal. The company insists that it demanded a supersedeas bond which defendant refused to furnish; the defendant denies this, and, so far as this question of fact is of importance, the order for judgment must be considered as a finding against the contention of the company. However this may be, the policy provides that the company shall defend the suit "at its own cost," and contains no provision requiring the assured to furnish a bond of any kind, and nothing which can be construed as forfeiting his rights under the policy for failure to do so.

The company also contends that defendant made a settlement of the suit in violation of the terms of the policy and thereby released the company from liability.

The following is the provision of the policy which defendant is claimed to have violated: "The assured, whenever requested by the company, shall aid in effecting settlements, securing information and evidence, the attendance of witnesses and in prosecuting appeals, but the assured shall not voluntarily assume any liability or interfere in any negotiation for settlement, or any legal proceeding, or incur any expense, or settle any claim, except at his own cost, without the written consent of the company previously given."

After the appeal had been taken and the judgment entered upon the verdict, the plaintiff not only garnisheed the company but also issued an execution upon the judgment under which the sheriff closed defendant's store and seized all his property. Thereafter defendant endeavored to make a settlement of the judgment in order to resume his business. He opened negotiations with plaintiff's attorney and requested the attorneys for the company to ascertain from him the best terms upon which the judgment could be settled. They communicated with plaintiff's attorney and ascertained the terms upon which he insisted and reported them to defendant. Thereafter defendant agreed with plaintiff and her attorney on terms of settlement conditioned upon the payment by the company of the full amount of its policy, and executed a deed and other papers to convey the property which plaintiff had agreed to accept in satisfaction of the amount to be paid by defendant over and above the amount of the policy. The company, however, refused to pay the amount of the policy and prosecuted the appeal to a final determination. As the settlement was conditioned upon the payment by the company of the amount of the policy and the company refused to make this payment, the settlement has not been completed and has never gone into effect. The deed and other papers executed by defendant are still held by the attorneys and have never been received or accepted by the plaintiff. This tentative settlement did not interfere with the management and control of the litigation by the company, nor hinder it in any manner from continuing such litigation to the end. The company in fact did continue the litigation to a final conclusion without hindrance or interference of any kind, and we fail to see wherein the making of this conditional agreement impaired or affected its rights in any way.

Judgment affirmed.