Bolster, C. J.
By its policy the deféndant agreed to indemnify the plaintiff against liability for damages on ac *345 count of bodily injury, and to defend, at its expense, any suits on such account, even if groundless, false, or fraudulent. The policy stipulated that the assured should give immediate written notice of any accident, should not settle any claim except at her own cost, nor, without the consent of the defendant, interfere in any negotiations for settlement or legal proceedings. Then follows the clause which turned the decision below.
“Gr. No action shall lie against the Company to recover upon any claim or for any loss under this policy, unless brought after the amount of such claim or loss shall have been fixed and rendered certain either by final judgment against the Assured after trial of the issue or by agreement between the parties with the written consent of the Company. ’ ’
In the rider captioned “Action against Company, Massachusetts” it states, “It is hereby understood and agreed that no action by the assured for loss under this policy shall be brought against the Company until the amount of such loss is determined” &c.
What apparently happened was that there was an accident in March, 1930, of which the plaintiff had no knowledge until sued that she was sued for $20,000 in 1933, and gave immediate notice thereof to the defendant. The defendant denied liability on the single ground of want of immediate notice of the accident when it occurred, and suggested that the plaintiff employ her own personal counsel to attend to the matter. This she did and . the case was settled without trial for the sum of $300 after a medical examination. The defendant was not consulted about the settlement and did not agree to it. What the plaintiff now sues for is the amount paid in settlement, the cost of the medical examination, and her legal expenses.
Unless the reason given by the defendant for its refusal to act was good, there was plainly a breach of the contract
*346 to defend, entitling the plaintiff to at least nominal damages if such claim is not prevented by the terms of section Gr quoted above. The finding was for the defendant. The judge ruled that the plaintiff was not bound to give notice of the accident until she knew of it. That was correct. The insured should not be deemed to have contracted to know of any accident at her peril. Manifestly, the judge decided for the defendant because he thought the absence of either a judgment after trial or a settlement agreed to by the defendant barred even a claim for nominal damages for breach of the agreement to defend. This is taking clause Gr too literally. Its plain purpose is to prevent claims for losses within the policy coverage which had not become liquidated either by trial or an agreement to which the insurer should be a party. The language should not be held to go beyond that. cf. Lorando v. Gethro, 228 Mass. 181 at 185. If, for example, after such incurring of expense in preparation for trial, the claimant had elected to become non-suit, neither of the conditions stated would be met, but it would be plain injustice to so construe this clause as to give the defendant immunity for its breach. Neither do we think that the clause is meant to give the insurer a right or defence except in cases in which it is performing its own contract. Within that range there is plenty of room for clause Gr to operate. The plaintiff here, the defendant there,, had the power, even if as against the insurer she had not the right, to end the case by settlement, although the insurer was performing its contract. It should take clear and inescapable language to reach a result enabling the defendant to break its contract, to stand apart, and then say that it was not liable for any settlement, however reasonable, because it was not consulted, although it had disclaimed any duty to participate, cf. Tighe v. Maryland Casualty Co., 218 Mass. 463, St. Louis Dressed Beef & Pro *347 vision Co. v. Maryland Casualty Co., 201 U. S. 173. If the defendant had been consulted but had refused to agree, the insured might have suffered heavy loss. The defendant cannot play fast and loose with its contract in such fashion. In the cases relied on by the defendant, there was a right of election not to defend, or the suit was only for loss under the policy rather than the costs of defence. To its argument that this will open the door to collusive settlements, the short answer is that the insured must show the settlement to be reasonable. The trial judge did not reach that question. He held that clause Gr was a total bar.
All that this appellant can stand on as of right is her first request, that on all evidence she was entitled to recover. While one who has the burden of proof cannot ordinarily have that ruling, there are cases in which he can, and this would seem one. Int’l. Textbook Co. v. Martin, 221 Mass. 1, 8. The defendant’s contract is admitted, and its breach is shown by its own letter, unless immediate knowledge of the accident appeared. The judge has not found that fact. His granting of certain of the plaintiff’s requests indicates that he did not find such knowledge. But, quite apart from the specific requests, we think the report shows that the plaintiff’s case suffered shipwreck because of an erroneous construction of clause Gf. In such a case, we have the power, even if not the duty, to correct the error, cf. Noyes v. Noyes, 224 Mass. 125, 134.
New trial ordered.