MARTHA NIKKARI v. DEAN JACKSON AND OTHERS.[1]

April 9, 1948.

No. 34,624.

*Arnold C. Forbes* and *Day, Lundberg & Stokes,* for appellant.
*Ryan, Ryan & Ryan,* for respondent.

MAGNEY, JUSTICE.

On March 3, 1946, plaintiff was a passenger in an automobile owned by defendants Middleton. In a collision between the Middle-

---

[1]Reported in 32 N. W. (2d) 149.

ton car and a truck owned and operated by defendant Jackson, plaintiff was injured. She brought action against the owners of both vehicles, and the jury returned a verdict of $15,740 against such owners. Defendant Jackson alone appeals from the judgment entered.

Jackson claims that the verdict is excessive. That is the only question raised on this appeal.

Plaintiff is a registered nurse 26 years of age. She finished her training in 1942. After serving two and one-half years as an army nurse in the Southwest Pacific, she returned to Brainerd in December 1945. She commenced work as a nurse almost immediately and continued until she was injured. The accident rendered her unconscious. She remained so until the next morning. She was weak, showed signs of shock, was nervous and at times hysterical. After a stay of ten days in the hospital, she returned to her home. She was there a month and then took a trip to Georgia. After a stay there of over a month, she returned to Brainerd. Because of her nervous condition, she was unable to go back to work until July 6. She continued to work in a hospital 44 or 45 days and then had to quit because she was nervous, irritable, and tired out. About September she went back to private duty. At the time of the trial in November, she testified that she was "still not quite sure of myself and find myself becoming very nervous and tired and having some dizzy spells." She suffered from headaches. Her physician testified that she suffered a severe shock to the nervous system. He said: "She is better, but she still is extremely nervous." Two teeth were damaged. One wrist was sprained, and she received a deep gash on her left knee. The wages or salary of a registered nurse in Brainerd is seven dollars for eight-hour duty as a private nurse, and $4.65 for an eight-hour day general duty in the hospital. Her hospital bill was $48, her dental bill $20, and her dry-cleaning bill $15.

The lacerations plaintiff received in the accident left several permanent scars on the right side of her face, forehead, and neck. The doctor described them as one raised scar three-quarters of an

inch long with an irregular surface; another raised scar about half an inch long, almost triangular in shape; another, one-eighth of an inch wide and one and one-third inches long, crossed by another small scar, these two being reddened and depressed; another scar about two inches long irregular in shape; another, three-fourths of an inch long with a transverse scar across it; another, about two inches long above the eyebrow, through the eyebrow and the left eyelid, and several others. There is a depressed scar on the neck one and one-half inches long. Back on the head beyond the hair line there is another two-inch depressed scar. There is also a scar on each knee. In a memorandum accompanying the order denying defendant's motion for a new trial, the trial court said:

"The disfiguring scars on plaintiff's face are permanent injuries. Plaintiff is a young, unmarried woman who would be very much more attractive without the scars. Such scars are a liability to one in the nursing profession in addition to the embarrassment and other factors [that] would result to one where appearance was not so directly involved in her work. The evidence discloses that such scars are so disfiguring that plaintiff was rejected for her chosen profession as an airline stewardess."

The special damages were also substantial. We are of the opinion that the verdict was not excessive.

Judgment affirmed.