MARTHA NIKKARI v. DEAN JACKSON AND OTHERS.
STATE AUTO INSURANCE COMPANY, GARNISHEE.[1]

June 18, 1948.

No. 34,642.

[1]Reported in 33 N. W. (2d) 36.

See, 226 Minn. 88, 32 N. W. (2d) 149.

*Arnold C. Forbes* and *Day, Lundberg & Stokes,* for appellant.

*Ryan, Ryan & Ryan,* for respondent.

THOMAS GALLAGHER, JUSTICE.

On April 30, 1947, a judgment in favor of plaintiff in the sum of $16,179.84 was entered against Dean Jackson and the other defendants, and subsequently, on appeal, the judgment was affirmed by this court. See, Nikkari v. Jackson, 226 Minn. 88, 32 N. W. (2d) 149.

The garnishee, appellant here, pursuant to its obligations under a policy of automobile liability insurance issued by it to defendant Jackson, had conducted the defense of the action on behalf of Jackson. The policy provided that the garnishee as insurer would "pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages, * * * because of bodily injury, * * * sustained by any person or persons, caused by accident and arising out of the ownership, maintenance or use of the automobile." It is not disputed that the liability imposed upon defendant Jackson by virtue of the described judgment arose out of the ownership, maintenance, or use of the automobile covered by such insurance policy, and as the result of an accident in which it was involved.

On June 23, 1947, plaintiff instituted garnishment proceedings against the garnishee in an effort to procure payment of the described judgment. In the disclosure made therein, the garnishee affirmed that at the time of the automobile accident its policy was in effect; that its liability thereunder was limited to $10,000; and that it had defended the action on behalf of Jackson, stating, however, that the conduct of such defense was "without prejudice." No explanation was given as to the meaning of this expression or as to whether the insurer denied liability under the policy. A copy of

the policy was attached to the disclosure, and nothing therein absolved insurer from its obligations thereunder as above described.

Defendant Jackson appealed from the judgment entered in the main action, but furnished no supersedeas bond in connection therewith. Plaintiff then moved for an order for judgment against the garnishee based upon its policy and the disclosure described. The trial court, upon such motion, made findings of fact and ordered judgment in favor of plaintiff against the garnishee to the extent of the liability imposed upon the garnishee by the terms of the policy.

On this appeal, the garnishee asserts (1) that the trial court erred in ordering judgment against it under the disclosure, since such disclosure set forth that the conduct of the defense in the main action was "without prejudice"; and (2) that plaintiff's motion for judgment against it was premature in any event, since an appeal from the judgment in the main action was then pending.

Subsequent to this appeal, the appeal from the original judgment was affirmed by this court (Nikkari v. Jackson, 226 Minn. 88, 32 N. W. [2d] 149, filed April 9, 1948), so that at the time of the hearing on this appeal Jackson's liability on the original judgment had become final.

1. We are of the opinion that this case is governed by the rule first expressed in Patterson v. Adan, 119 Minn. 308, 138 N. W. 281, 48 L.R.A.(N.S.) 184, and subsequently followed by this court in Mahr v. Maryland Cas. Co. 132 Minn. 336, 156 N. W. 668; Standard Printing Co. v. Fidelity & Deposit Co. 138 Minn. 304, 164 N. W. 1022; and Powers v. Wilson, 139 Minn. 309, 166 N. W. 401. In the Patterson case, as in the instant case. the insurer had defended a suit against its insured, plaintiff had recovered judgment for personal injuries, and the insured had appealed from such judgment without filing a supersedeas bond. Pending the appeal, the insurer was garnisheed by plaintiff, but after disclosure plaintiff's motion for judgment was denied. On appeal the trial court was reversed, this court stating (119 Minn. 312, 138 N. W. 283):

"* * * The company substituted its interests and its judgment for that of the assured in the action. * * *

"* * * By undertaking the defense the company elected to treat plaintiff's cause of action, if he had any, as covered by its contract; and when it substituted itself and its judgment for that of the defendant, both plaintiff and defendant have a right to insist that the final judgment establishes the liability and debt of the company to the assured. The undertaking to defend is of no value, and may be of great danger, to the assured, where he thus abandons all control of the suit to the company, if it does not mean that whatever liability is established shall be discharged."

In Mahr v. Maryland Cas. Co. 132 Minn. 336, 338, 156 N. W. 668, *supra,* plaintiff garnisheed defendant insurer pending appeal from his judgment in which no supersedeas had been filed. Judgment was entered against insurer in the garnishment proceedings, and an appeal taken therefrom. Therein this court stated:

"It was held in Patterson v. Adan, * * * that upon a judgment being entered against the assured it became, as between the plaintiff and the defendant and the surety company, a liability or debt owing by the company to the assured which was subject to garnishment. We apply and follow that case."

The authorities thus referred to firmly establish the rule applied by the trial court in the instant case.

2. We do not agree with the contention of the garnishee that plaintiff's motion for judgment against it under the insurance policy was premature in view of the appeal then pending. The same question was considered in Powers v. Wilson, 139 Minn. 309, 310, 166 N. W. 401, 402, *supra,* where, as here, an appeal from the judgment had been taken without supersedeas. Therein this court said:

"The company contends that it is not liable upon the policy, for the reason that the policy provided that no action should be brought thereon *until a final judgment had been rendered against defendant and had been actually paid by him.* Although this provision in this policy differs somewhat from the provision considered in Patterson v. Adan, * * * we are of opinion that it is substantially the same in effect, and falls within the rule announced in that case and subse-

quently applied in Mahr v. Maryland Casualty Co. * * * and Standard Printing Co. v. Fidelity & Deposit Co. * * * to which we adhere."

This would seem to be conclusive on this question.

Further, in view of our affirmance of the judgment in the main action prior to this appeal, it would appear that in any event the judgment is now final, and accordingly that this issue is moot.

3. The garnishee asserts that, because the disclosure affirmed that its defense of the main action was "without prejudice," the trial court had no power to order judgment against it on the policy.

No evidence was presented to substantiate this conclusion on the part of the garnishee, nor to indicate what was intended by the expression "without prejudice." The trial court made findings wherein it set forth that the "garnishee did, pursuant to the terms and conditions of said policy, defend the defendant, Dean Jackson, in the above entitled action, * * *."

In view of the procedure for obtaining judgment against an insurer under its policy subsequent to its defense of a main action against its insured, as outlined by the authorities above cited, we feel that the record here amply sustains the above finding of the trial court, particularly in view of the fact that nothing was offered by the garnishee to substantiate the contention, made for the first time in the disclosure, that its defense was "without prejudice." Under such circumstances, we feel there was nothing in such disclosure which constituted a bar to the entry of judgment pursuant to plaintiff's motion.

As stated in Standard Printing Co. v. Fidelity & Deposit Co. 138 Minn. 304, 307, 164 N. W. 1022, 1023, *supra:*

"* * * Our opinion is that when defendant [insurer] once assumed the defense of the personal injury action, it made an election that was irrevocable, except for cause, and that defendant could not by any unwarranted conduct on its part place itself in a better position than it would have been in had it gone ahead with the defense it had once assumed."

The garnishee having assumed defense of the action here and the record disclosing no limitations in connection therewith except its belated expression that such defense was "without prejudice," we must hold that the trial court was justified on the record thus presented in ordering the judgment involved in this appeal.

Affirmed.

MR. JUSTICE KNUTSON, not having been a member of the court at the time of the argument, took no part in the consideration or decision of this case.

[1]Reported in 33 N. W. (2d) 30.