**FARM BUREAU MUTUAL INSURANCE COMPANY, Appellant,**

v.

**MILBANK MUTUAL INSURANCE COMPANY, Respondent,**

**LeRoy NELSON, Respondent,**

**Terrance E. Olson, defendant and third party plaintiff, Respondent,**

v.

**Ernest DUCKWITZ, et al., Third Party Defendants.**

**No. 48508.**

Supreme Court of Minnesota.

Sept. 14, 1979.

---

Thysell, Gjevre, McLarnan & Hannaher, Paul D. Skatvold, and Alden H. Gjevre, Moorhead, for appellants.

Cahill, Gunhus, Streed, Grinnell, Jeffries & Klinger and James D. Cahill, Moorhead, for Milbank Mut. Ins. Co.

Bruce E. Sherwood, Wheaton, for LeRoy Nelson.

I. L. Swanson, Elbow Lake, for Terrance E. Olson.

Heard by SHERAN, C. J., OTIS and YETKA, JJ., and considered and decided by the court en banc.

OTIS, Justice.

This appeal is taken from a declaratory judgment entered by the District Court of Otter Tail County. The court ruled that Farm Bureau Mutual Insurance Company (Farm Bureau) was not entitled to recover indemnity from either of two defendants, LeRoy Nelson and Terrance E. Olson, for whose benefit it had paid excess coverage toward a wrongful death judgment in a separate lawsuit.[1] Nelson and Olson had been found negligent with Farm Bureau's named insured in that suit which stemmed from an automobile accident.

Farm Bureau also appeals from the order denying its motion for amended findings, conclusions of law, and order for judgment.

The ruling was based primarily upon the court's finding that respondent Nelson was an additional insured under Farm Bureau's

---

1. *Boe v. Olson*, No. 30861 (Dist.Ct., Otter Tail County, Minn. May 13, 1976) (order for judgment filed).

omnibus coverage for users of non-owned vehicles, and that respondent Olson himself was entitled to indemnity from Farm Bureau's insureds. The additional finding that the limited proceeds from the primary insurer, Milbank Mutual Insurance Co. (Milbank), applied equally to all its insureds was not relevant to decision in the trial court but becomes so under our holding today.

Despite the confusing facts of the case, the issues presented are straightforward: (1) whether the word "use" in the omnibus clause in question means vicarious as well as actual use; (2) whether a negligent defendant who was misinformed about a dangerous condition by negligent co-defendants may obtain indemnity from them; and (3) whether limited insurance proceeds apply equally to the insureds entitled to them or according to their respective degrees of negligence.

We affirm as to Nelson because we agree that he was insured under the terms of the policy, but we reverse as to the denial of Farm Bureau's right to recover against Olson. We hold that Olson may not recover indemnity or contribution from Farm Bureau and although Farm Bureau is not entitled to full indemnity because two of its insureds were also negligent, it may nonetheless recover contribution for the amount it paid on Olson's behalf.

The court correctly found that the proceeds from the primary insurer Milbank were applied equally against the liability of the negligent defendants. Accordingly Farm Bureau is entitled to recover from Olson the difference between his one-third share of those proceeds and the amount of the damages assessed against him by the jury which Farm Bureau paid on his behalf.

The accident which prompted the wrongful death suit occurred under the following circumstances. Two farmers in Otter Tail County, LeRoy Nelson and Charles Will (Farm Bureau's named insured), had combined money and efforts in 1974 to purchase, harvest, and transport a field of corn to Will's silo. Terrance Olson (Milbank's named insured) operated the combine and Olson permitted his truck to be used for transporting the corn. On November 7, 1974, Will's farm employee, Ernest Duckwitz, was driving the Olson truck with the owner's permission to have it weighed and the gas tank filled before returning it. Nelson was following in another borrowed truck for the same purpose.

When the Olson truck developed mechanical problems, Duckwitz drove it onto the shoulder of the road, with part of it extending about six feet into the travelled lane. Nelson stopped and he and Duckwitz decided to leave the truck where it was because it could not be driven and they were not willing to move it into the steep ditch nearby without permission. But they took no precautions as to warnings or otherwise. After reaching their destination in the other truck, they called Olson's residence to request instructions and informed Mrs. Olson the truck was parked alongside the road.

As Olson was working in the field at the time, he told his wife to call Nelson and find out exactly where and in what position the truck had been left because he would be delayed in getting there. Nelson indicated to her that the truck was off the road and would be all right for awhile. It was not moved before dark when one Alfred Boe collided with it and was killed.

The jury found causal negligence in a special verdict as follows: Duckwitz (Will's employee)—40 percent; Nelson (Will's joint venturer)—35 percent; Olson (truck owner) —25 percent; and Boe (decedent)—0 percent. No negligence on the part of Will was alleged. Damages of $58,500 were awarded against Duckwitz, Nelson, Olson, and Will, jointly and severally. The order for judgment invited the attorneys to request a hearing if they could not agree on contribution and indemnity. See, footnote 1 *supra*.

Olson was the named insured on an automobile policy with Milbank. That policy was limited to $25,000, and it is undisputed

on appeal that Duckwitz and Nelson were additional insureds within its terms.[2]

Will was the named insured on an automobile policy with Farm Bureau. That policy was limited to $100,000 and provided in Part I the following coverage with respect to the use of non-owned vehicles:

"If the named insured is a person * * and if during the policy period such named insured has an owned motor vehicle of the personal vehicle type covered by this policy such insurance as is afforded by this policy with respect to the owned motor vehicle * * * *applies to the use of a non-owned automobile by*:

(a) the named insured;

(b) if residents of the same household, his spouse or the relatives of either; and

(c) *any other person or organization not owning or hiring such automobile, but only with respect to his or its liability for the use* of such automobile *by an insured as defined* in subsections (a) and (b) *above* ;

provided such use, operation or occupancy is with the permission of the owner or person in lawful possession of such automobile and is within the scope of such permission.

"The definition of insured does not apply to Use of Non-Owned Automobiles except as otherwise provided herein." (Italics supplied.)

Farm Bureau conceded that Will's employee Duckwitz was included under this provision, but denied his joint venturer Nelson was covered.[3] In order to satisfy the Boe judgment without unnecessary delay, the insurers and defendants agreed among themselves to disburse the Milbank $25,000 and the balance of $33,500 from Farm Bureau without prejudice to later determinations regarding contribution or indemnity. No stipulation was made as to how the Milbank funds were to be applied.

Subsequently Farm Bureau commenced this action against Milbank,[4] Nelson, and Olson for a determination that the Milbank proceeds applied first to the 40 percent liability of Duckwitz ($23,400), leaving the entire Farm Bureau proceeds to be applied to the judgments against Nelson ($20,475) and Olson ($14,625), entitling Farm Bureau to indemnity from them. Nelson answered he was an additional insured and counterclaimed for attorneys fees. Olson crossclaimed against Milbank for coverage under another policy, and against Nelson for contribution or indemnity in the event he should be held liable to Farm Bureau. He commenced a third party action against Will and Duckwitz for the same relief.[5]

1. Farm Bureau's claim against Nelson.

Nelson first was found to be a user of the Olson truck by virtue of his role in the joint venture and his exercise of control over the truck during the emergency. Farm Bureau does not contest that status. He was then found to be an insured because of his vicarious liability (through the joint venture) for Will's vicarious use of the truck by Duckwitz and himself. Farm Bureau contends, however, that as Will's use was merely vicarious, it is insufficient to impose liability upon Nelson for purpose of the omnibus clause. We find no merit in this contention.

In *Woodrich Construction Co. v. Indemnity Insurance Co.*, 252 Minn. 86, 89 N.W.2d 412 (1958), we said it was immaterial for insurance purposes whether or not a general contractor's liability arose from ac-

---

2. Nelson was covered by virtue of being deemed a "user" by the trial court.

3. Farm Bureau developed reservations about covering Duckwitz, but believed it was estopped to deny him coverage after it had undertaken his defense. See, *Nikkari v. Jackson*, 226 Minn. 393, 33 N.W.2d 36 (1948) and the line of cases cited for this rule in *Gamble-Skogmo, Inc. v. St. Paul Mercury Indemnity Co.*, 242 Minn. 91, 103, 64 N.W.2d 380, 388 (1954).

4. Milbank was dismissed on a summary judgment motion.

5. The court awarded Nelson attorneys fees and, on a post-trial motion, preserved Olson's crossclaim against Milbank pending this appeal. It dismissed Olson's third party action on the merits, apparently viewing the claim as cancelling Farm Bureau's.

tual use of a truck. We held that the company's exercise of control over the truck was sufficient to confer coverage as a user where the negligence of an employee had been imputed to it. 252 Minn. 92, 94, 89 N.W.2d 417, 418.[6] Cf., *Crawford v. Woodrich Construction Co. Inc.*, 239 Minn. 12, 23, 57 N.W.2d 648, 654 (1953). No reason has been advanced for the proposition that the same principle should not apply one step removed under the omnibus clause where liability for a vicarious user is imposed in turn on another party. We hold that the principle does apply and that Nelson was an additional insured. Farm Bureau could not recover against him and his award of attorneys fees was proper.[7]

2. Farm Bureau's claim against Olson.

Although Farm Bureau's complaint sought indemnity against Olson, the insurer also argued for contribution in the court below. In this appeal it pursues the theory that the Milbank proceeds were applied on the $58,500 judgment according to the degree of negligence of each defendant and calculates that Olson's share was $6,250 or 25 percent of the $25,000 limit. The $8,375 balance of $14,625 (25 percent of $58,500) is the amount Farm Bureau seeks in contribution as subrogee of its insureds on whose behalf it paid a total of $33,500 in the main action.

Olson's response below was that his $25,000 Milbank Policy covered his own negligence liability in full before it applied to that of Duckwitz and Nelson as additional insureds. Any further liability to Farm Bureau for contribution or indemnity, he argues, would be cancelled by his own right to indemnity from them as negligent bailees of his truck. The trial court agreed that they had breached a duty to Olson of reasonable care and accurate disclosure and had substantially and directly caused his liability.

For his indemnity argument, Olson mistakenly relies upon two of the rules permitting indemnity which we adopted in *Hendrickson v. Minnesota Power & Light Co.*, 258 Minn. 368, 373, 104 N.W.2d 843, 848 (1960):

"(3) Where the one seeking indemnity has incurred liability because of a breach of duty owed to him by the one sought to be charged.

"(4) Where the one seeking indemnity has incurred liability merely because of failure, even though negligent, to discover or prevent the misconduct of the one sought to be charged." (Footnotes omitted.)

We distinguished those rules precisely on the basis of culpable negligence on the part of the claimant in *Tolbert v. Gerber Industries, Inc.*, 255 N.W.2d 362, 366 (Minn. 1977). Rule 3 remained intact with the others because the claimant in those situations would not be culpably negligent, but Rule 4 was eliminated in favor of contribution because some degree of personal fault would be involved. In Olson's case we cannot ignore the jury's verdict of 25 percent active rather than vicarious negligence. It necessarily precludes indemnity, a shift of the entire loss.

Olson did not pursue his original claim for contribution either in the trial court or here, although he argued that his own in-

---

**6.** We said in *Woodrich*: " * * * Where, as an incident of and in the furtherance of his construction work, a general contractor assumes active control or guidance of a backward movement of a truck provided by a subcontractor, and his negligence in the exercise of that control and guidance is a proximate cause of the accident, the general contractor thereby participates in the operation of the truck to such an extent as to be a user of the vehicle." 252 Minn. 94, 89 N.W.2d 418.

**7.** At oral argument Farm Bureau alleged for the first time that Nelson was excluded by the restriction in the omnibus clause against one who *hired* the non-owned vehicle viewing Nelson as a hirer because of the joint venture. As the truck was borrowed and as this is not an issue which calls for the rare exceptions to our general rule summarized in *Byrd v. O'Neill*, 309 Minn. 415, 417 n. 2, 244 N.W.2d 657, 658 (1976), we adhere to the settled law that an issue raised for the first time on appeal will not be considered by this court. *Fingerhut Products Co. v. Commissioner of Revenue*, 258 N.W.2d 606, 608 n. 4 (Minn.1977).

surance policy at least paid all of his judgment and he should not be required to pay for the liability of another defendant. In the absence of any allegation that he paid more than his share, a claim for contribution is inappropriate and under our decision today it has no basis in any event.

Judge Kennedy correctly determined that the primary $25,000 coverage by Milbank, Olson's insurer, was equally divided among the insureds, Olson, Duckwitz, and Nelson, in the absence of any agreement or authority to divide it otherwise. The Milbank policy paid approximately $8,333 toward Olson's $14,625 judgment, leaving a balance of $6,292 which was paid by Farm Bureau.

With no valid claim for indemnity or contribution, Olson's cross-claim against Nelson and his third party action against Duckwitz and Will were properly dismissed.

This did not cancel Farm Bureau's claim against Olson for indemnity or contribution. As insurer of Will, Duckwitz, and Nelson, all jointly and severally liable to the decedent's estate, Farm Bureau was required to pay the balance of their liability (or $33,500) after the Milbank payments. But it was also entitled, as subrogee of its insureds, to recover in contribution from Olson that portion of the $33,500 it paid on his behalf, namely $6,292. To that extent the decision of the trial court is reversed.

Affirmed in part, reversed in part.