UNITED STATES FIDELITY & GUARANTY CO. v. PRESSLER.    (No. 1563.)*

(Court of Civil Appeals of Texas. Texarkana. March 29, 1916. Rehearing Denied April 13, 1916.)

1. INSURANCE ⊂⊃539(3) — CASUALTY INSURANCE—"IMMEDIATE" NOTICE.

Under Rev. Civ. St. art. 5714, providing that no stipulation in any contract requiring notice to be given of any claim for damages as a condition precedent to the right to sue there-

on shall be valid unless reasonable, construed as not including a stipulation regarding the occurrence of an accident insured against and as limited to claims forming the basis of a suit for damages, the provision of a policy of casualty insurance, requiring insured to give immediate written notice of an accident, was satisfied by notice on October 25th of an accident on October 9th, the word "immediate" meaning without any time intervening, without any delay, present, instant, and covering notice with due diligence under the circumstances of the case and without any unnecessary and unreasonable delay.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1329; Dec. Dig. ☞539(3).

For other definitions, see Words and Phrases, First and Second Series, Immediate.]

2. INSURANCE ☞665(4) — CASUALTY INSURANCE—JUDGMENT AGAINST INSURED—COLLUSION—EVIDENCE.

Evidence, in a contractor's action on a policy of casualty insurance, to recover the amount paid an employé, *held* to show that the judgment in favor of the employé against the insured was not the result of collusion and fraud.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1555, 1722; Dec. Dig. ☞665(4).]

3. INSURANCE ☞514—CASUALTY INSURANCE —DISCLAIMER OF LIABILITY—EFFECT.

Where the insurer, having notice of an accident to the insured's employé, disclaims any liability and refuses to make any defense, it cannot, in thereafter defending an action by the insured, complain that the insured has made a reasonable and just settlement with the injured party, and this is so though the policy provides against compromising claims without the insurer's written consent, and that no action shall lie against the insurer for loss under the policy unless brought for reimbursement of money actually paid on a judgment.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1298; Dec. Dig. ☞514.]

Appeal from District Court, Cherokee County; L. D. Guinn, Judge.

Action by Joe M. Pressler against the United States Fidelity & Guaranty Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Hunt, Myer & Teagle, of Houston, and John C. Box, of Jacksonville, for appellant. Lee G. Carter, of Jacksonville, Norman, Shook & Gibson, of Rusk, and W. J. Townsend, Jr., of Jacksonville, for appellee.

HODGES, J. In October, 1913, the appellee, J. M. Pressler, was a contractor engaged in the construction of a building in Jacksonville, Tex. In the prosecution of his business he employed laborers, among whom was his father, Otto Pressler. On the 9th of October, 1913, Otto Pressler, while engaged in the performance of his duties, fell from a scaffold and sustained serious bodily injuries. At the time of this accident the appellee held an employers' liability policy of insurance, provided that for a stated consideration the appellant agreed to indemnify the appellee against loss from liability imposed by law upon him for damages on account of bodily injuries or death suffered by his employés through his negligence and as the result of an accident occurring while the pol-

icy was in force. The policy contained, among others, the following provisions:

"A. Upon the occurrence of an accident, the assured shall give immediate written notice thereof, with the fullest information obtainable at the time, to the company at its home office or to the agent who has countersigned this policy. If a claim is made on account of such accident the assured shall give like notice thereof with full particulars. If thereafter any suit is brought against the assured to enforce such a claim, the assured shall immediately forward to the company at its home office every summons or other process as soon as the same shall have been served on him. The company reserves the right to settle any claim or suit. Whenever requested by the company, the assured shall aid in securing information, evidence and the attendance of witnesses in effecting settlements and in prosecuting appeals. The assured shall at all times render to the company all co-operation and assistance within his power."

"C. The assured shall not voluntarily assume any liability nor interfere in any negotiations or legal proceedings conducted by the company on account of any claim; nor, except at his own cost, settle any claim; nor without the written consent of the company previously given, incur any expense, except that he may provide at the time of the accident, and at the cost of the company, such immediate surgical relief as is imperative."

"I. No action shall be brought against the company under or by reason of this policy unless it shall be brought by the assured for a loss, defined hereunder after final judgment has been rendered in a suit described hereunder and within two years from the date of such judgment, to wit: For a loss that the assured has actually sustained by the assured's payment in money—(a) of a final judgment rendered after a trial in a suit against the assured for damages on account of the negligence of the assured; (b) of the expenses (excluding any payment in settlement of a suit or judgment) incurred by the assured in the defense of a suit against the assured for damages on account of the negligence of the assured. The company does not prejudice by this condition any defense against such action as it may be entitled to make under this policy."

Some time after the injury both the appellee and his father concluded that the accident occurred under circumstances which made the appellee liable for the resulting damages. Written notice of the accident and the claim for damages was given on the 25th of October following the injury, about 16 days after its occurrence. Some time during the following month the appellant, through some of its agents, made an investigation of the circumstances attending the accident, but refused to make any settlement of the claim. Suit was then filed by Otto Pressler against the appellee for damages. Notice of the institution and pendency of that suit was promptly given to the appellant, but it refused to take any part in the defense or to become a party to the proceeding. A judgment was thereafter rendered in that suit, in favor of Otto Pressler against the appellee for the sum of $3,500 as damages for the injuries sustained. This amount was settled by the appellee and his father in some manner satisfactory to them. Upon the

refusal of the appellant to reimburse the appellee this suit was instituted.

In response to special interrogatories the jury found the following facts: (1) That "immediate" notice ,was given to the appellant by the appellee of the accident and injury to his father, in the manner and form required by the policy; (2) that this notice was given on the 25th of October following the injury; (3) that the appellee gave due notice to the appellant of the suit instituted against him by his father; (4) that the appellant, after having received these notices, denied its liability and failed and refused to defend the suit after having full opportunity to do so; (5) that the judgment in that case was not obtained by collusion or fraud, and was not rendered by agreement between the parties; (6) that neither the appellee nor his attorneys encouraged or assisted Otto Pressler in bringing the suit and recovering the judgment in that case; (7) that the appellant after having received notice of the injury in October, 1913, investigated the accident to Otto Pressler, and by such conduct waived the giving of an earlier notice; (8) that the appellant sustained no injury by reason of not having received a notice of the injury on the day that it occurred, or prior to the time it did receive such notice; (9) that the appellant had an opportunity and did make an investigation of the facts and circumstances surrounding the accident to Otto Pressler, while the condition of the scaffolding and location of the witnesses to the accident and injury were substantially the same as they were at the time the accident occurred; (10) that the appellee had paid in money the amount of the judgment and costs rendered against him in favor of his father; (11) that Otto Pressler was injured to the extent of $3,500; (12) that the item of $150 claimed by the appellee as attorney's fees paid to Lee G. Carter was incurred by him in a bona fide effort to defend the suit by his father; (13) that the appellee had paid the judgment in good faith. Upon these findings the trial court entered a judgment in favor of the appellee against the appellant for $3,500, together with $9.65, the amount of costs paid in the suit of Pressler v. Pressler, and $150 as attorney's fees incurred by the appellee in defending that suit. The appellant's brief contains a number of different assignments of error, some of them presenting the same question in different forms. There appear, however, two principal grounds upon which it relies for a reversal: (1) The failure of the appellee to comply with the terms and conditions of the policy, requiring the giving of "immediate" written notice of the accident; and (2) that the judgment in favor of Otto Pressler against the appellee was the result of collusion and fraud.

[1] As will be observed from the quoted extracts from the policy, this instrument required "immediate written notice" of two facts, the occurrence of the accident, and the presentation of a claim for damages resulting from the injury. It is conceded that a failure to give notice of the claim for damages constitutes no defense, inasmuch as the limitation prescribed is in conflict with article 5714 of the Revised Civil Statutes. But it is contended that this provision of the law does not include stipulations regarding the occurrence of the accident; that the statute is limited to claims which form the basis of a suit for damages. Assuming that this is a correct construction of that article we do not think it can be said as a matter of law that the notice given in this instance was not such as the parties contemplated should be given when making that contract. To give the term "immediate" its literal signification, regardless of the attending situations and circumstances, would defeat many meritorious claims upon purely technical grounds. In the case of Fidelity & Deposit Co. v. Courtney, 186 U. S. 342, 22 Sup. Ct. 833, 46 L. Ed. 1193, Justice White rendered an opinion which involved the construction of the word "immediate" used in a contract not materially different from that here under consideration. In that case "immediate notice" was also required. The court, in quoting approvingly from another case, said:

"The defendants' liability depends in part upon the answer to the question whether the plaintiffs gave them 'immediate' notice in writing of O'Connell's accident, the claim made on account of it, and the suit that was brought to enforce the claim. This involves an ascertainment of the meaning of the word 'immediate' as used in the policy. The word, when relating to time, is defined in the Century Dictionary as follows: 'Without any time intervening; without any delay; present; instant; often used, like similar absolute expressions, with less strictness than the literal meaning requires—as an immediate answer.' It is evident that the word was not used in this contract in its literal sense. It would generally be impossible to give notice in writing of a fact the instant it occurred. It cannot be presumed that the parties intended to introduce into the contract a provision that would render the contract nugatory. As 'immediate' was understood by them, it allowed the intervention of a period of time between the occurrence of the fact and the giving of notice more or less lengthy, according to the circumstances. The object of the notice was one of the circumstances to be considered. If it was to enable the defendants to take steps for their protection that must necessarily be taken soon after the occurrence of the fact of which notice was to be given, a briefer time would be required to render the notice immediate according to the understanding of the parties than would be required if the object could be equally well attained after considerable delay. * * * The parties intended by the language used that the notice in each case should be given so soon after the fact transpired that, in view of all the circumstances, it would be reasonably immediate. If a notice is given 'with due diligence under the circumstances of the case, and without unnecessary and unreasonable delay,' it will answer the requirements of the contract (citing authorities). Whether the notices were reasonably immediate—like the kindred question of what is a reasonable time—are questions of fact that must be determined in the superior court."

The language quoted is applicable to the case before us, and renders further discussion of that unnecessary.

[2, 3] If the terms of the policy concerning notice had been complied with, then it follows that the appellant was bound by the judgment rendered in the suit of Pressler v. Pressler, unless that judgment was collusively obtained. That particular issue was fairly submitted to the jury and answered favorably to the appellee. The evidence, we think, is sufficient to sustain that finding. An employer, holding a policy of the kind here sued on, is not, under all circumstances, compelled to stubbornly resist through the courts a just claim for damages. Where the insurance company, having notice, disclaims any liability and refuses to make any defense, it cannot thereafter complain that the insured has made a reasonable and just settlement with the injured party. In the case of St. Louis Dressed Beef & Provision Co. v. Maryland Casualty Co., 201 U. S. 173, 26 Sup. Ct. 400, 50 L. Ed. 712, it was held that the amount paid by an employer in the prudent settlement of suits against him, founded upon negligence of an employé, may be recovered from the insurer against loss resulting from negligence, where the insurer had denied all liability and refused to defend the suits as provided in the policy. This is true, although the policy contains a condition against compromising claims of that character without the written consent of the insurer, and a further provision that no action shall lie against the insurer for any loss under the policy, unless it was brought by the assured for reimbursement for loss actually sustained and money paid by him in satisfaction of a judgment after a trial of the issue.

The fact that the parties to the suit of Pressler v. Pressler were near relatives, while a circumstance favorable to an inference of fraud and collusion, does not make such an inference irresistible. The judgment of the district court will therefore be affirmed.