(173 App. Div. 100)

### McALEENAN v. MASSACHUSETTS BONDING & INS. CO.

(Supreme Court, Appellate Division, First Department.    June 2, 1916.)

1. INSURANCE ⏀514—OFFER OF SETTLEMENT—PAYMENT.

Where the holder of a policy of automobile accident insurance indemnifying him to the extent of $5,000 against loss by reason of an accident resulting in injuries or death to any person, after such an accident, pending suit by decedent's administratrix, defended by the insurer, learned the willingness of plaintiff to accept $3,750 in full settlement of any damage that might be recovered in excess of $5,000, but assured did not pay such sum to the administratrix, the insurance company was not liable for damages occasioned the assured by an excess judgment on account of the insurer's refusal to accede to the proposed compromise.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1298; Dec. Dig. ⏀514.]

2. INSURANCE ⏀332¼, New, vol. 14 Key-No. Series—ACCIDENT INSURANCE—CONSTRUCTION OF POLICY.

A policy of automobile accident insurance, merely providing that insured might not incur expenses or settle a claim, "except at his own cost," did not forbid payment by the insured to decedent's administratrix, pending suit, of $3,750 which she offered to accept in settlement of any damages she might recover in excess of $5,000, where such payment would not increase the insurer's liability or enhance its difficulties in defending the action.

McLaughlin and Dowling, JJ., dissenting.

---

⏀For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Special Term, New York County.

Action by Joseph A. McAleenan against the Massachusetts Bonding & Insurance Company. From an order granting a motion for judgment on the pleadings, defendant appeals. Order, in so far as it grants plaintiff judgment on his first cause of action, reversed, and defendant's motion for judgment in its favor granted, with leave to plaintiff to serve an amended complaint, and, in so far as it grants plaintiff judgment on his second cause of action, affirmed, with leave to defendant to withdraw its demurrer and answer.

Argued before CLARKE, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Clayton J. Heermance, of New York City, for appellant.
Herbert C. Smyth, of New York City, for respondent.

McLAUGHLIN, J. The complaint contains two causes of action. In the first it is alleged that the defendant issued to the plaintiff a policy of automobile insurance indemnifying him to the extent of $5,000 against loss by reason of an accident resulting in injuries or death to any one person. The policy provided, among other things, that if an accident occurred, and action was brought against the assured to enforce a claim on account thereof, he would forward to the defendant the summons or other process served, and it would at its own cost and expense, and subject to the limitations contained in clause K of the policy, defend or, at its option, settle such action in the name and on behalf of the assured; that clause K provided, " * * * The assured shall not voluntarily assume any liability, nor shall the assured, without the written consent of the company previously given, incur any expense, or settle any claim, except at his own cost, or interfere in any negotiation for settlement, or in any legal proceeding;" that during the life of the policy an accident occurred, which resulted in the death of one Cimino; that his administratrix subsequently brought an action to recover the damages alleged to have been sustained by reason thereof; that the assured duly notified the defendant of the commencement of such action and delivered to it the summons and complaint; that it thereupon undertook to defend the action for the plaintiff under the terms and conditions of the policy; that after issue was joined, at the request of the defendant, the assured procured the services of an attorney to be associated with the attorney of the insurance company at the trial; that during the progress of the trial the counsel for the plaintiff in that action made an offer to the assured to settle the same on payment of $7,500, which offer the assured immediately communicated to the insurance company, at the same time signifying his willingness to settle at that sum, and if the settlement be had to pay one-half thereof, or $3,750, provided the insurance company would pay the other half; that the insurance company refused to permit the plaintiff to settle the action, and the assured thereupon notified it he would hold the company responsible for any sum he might be called upon to pay by rea-

son of such refusal; that thereafter, and while the trial was still in progress, the plaintiff in that action offered to accept from the assured $3,750 in full settlement and satisfaction of any damage that might be recovered in excess of $5,000; that the trial would be continued, and, in case a verdict were rendered in excess of $5,-000 that the same might be reduced to that sum, in consideration of such payment; that this offer was immediately communicated to the insurance company, and the assured at the same time stated to it his willingness to accept such proposition of settlement and pay the plaintiff in that action the sum of $3,750 in consideration of her agreement to reduce any verdict that might be recovered to the sum of $5,000; that the insurance company declined to permit such settlement, and stated to the assured, if he made the same, it would immediately deny all liability to him under the policy, on the ground that such settlement would be in violation of its terms and conditions; that the plaintiff protested against such refusal, and notified the insurance company he would hold it responsible for the whole of any judgment that might be recovered in the action; that the trial proceeded, and resulted in a verdict in favor of the plaintiff in that action in the sum of $12,550, upon which judgment was entered; that the assured subsequently demanded that the insurance company pay the judgment, which it declined to do, and, after the time to appeal therefrom had expired, the assured, to prevent the issuance of an execution, and under protest, paid $7,826.58, which, together with the sum of $5,386.38 paid by the insurance company, satisfied the judgment; that by reason of the acts of the insurance company plaintiff was damaged to the extent of the amount paid by him, together with interest thereon from the date of payment.

In the second cause of action substantially the same facts are set forth, and in addition thereto it is alleged that after the entry of the judgment referred to the insurance company advised this plaintiff that reversible errors of law had been committed upon the trial of the action; that the verdict was against the evidence, and it would therefore appeal from said judgment on behalf of the plaintiff, and from time to time thereafter assured the plaintiff that such appeal had been taken in his behalf; that there were reversible errors of law and the verdict was against the evidence; that, relying upon these statements, the plaintiff took no further steps with reference to an appeal; that, after the time to appeal had expired, the plaintiff ascertained that the insurance company, without his knowledge or consent, had neglected to take an appeal; that thereafter, to prevent the issuance of an execution upon the judgment, the assured paid $7,826.58, having previously demanded that the insurance company pay the whole judgment, which it refused to do; that by reason of the insurance company having failed to take and prosecute the appeal plaintiff was damaged to the extent of the amount paid, viz., $7,826.58, for which judgment was demanded, with interest.

The insurance company demurred to each cause of action on the ground that facts were not stated sufficient to constitute a cause of action. After the demurrer was interposed, both parties moved

for judgment on the pleadings. The plaintiff's motion was granted, the insurance company's denied, and it appeals.

I am of the opinion that the facts alleged in the second cause of action, which were admitted by the demurrer, clearly state a liability on the part of the defendant. After the recovery of the judgment the insurance company notified this plaintiff that reversible errors had been committed; that the verdict was against the evidence, and it would appeal from the judgment. It subsequently stated to him that it had appealed, and by reason of that fact he permitted the time within which an appeal might have been taken by himself to expire. This, coupled with the allegation that there were reversible errors committed at the trial, and that the verdict was against the evidence, stated a cause of action.

The facts here pleaded bring the case within the rule laid down in Rosenbloom v. Maryland Casualty Co., 153 App. Div. 23, 137 N. Y. Supp. 1064, Brassil v. Maryland Casualty Co., 147 App. Div. 815, 133 N. Y. Supp. 187, affirmed 210 N. Y. 235, 104 N. E. 622, L. R. A. 1915A, 629, and Attleboro Manufacturing Co. v. Frankfort Marine Accident & Plate Glass Ins. Co. (C. C.) 171 Fed. 495. The insurer, having elected and undertaken to defend the action brought against the assured, had no right, when it saw fit to do so, to abandon the defense. It was obligated to take into consideration the interest which the insured had, and especially so after judgment had been rendered which subjected him to a large liability. Having told him it would appeal from the judgment, there was an obligation resting upon it to do so, or else to have notified him, before the time to appeal had expired, that it would not take such appeal. It would be unreasonable to hold that the assured could be lulled into security by the assurance that an appeal would be taken and thereby be deprived of the right to himself appeal, without liability attaching.

As to the first cause of action, I am of the opinion that it does not state facts sufficient to predicate liability. The most that can be said of the facts stated is that the insurance company would not permit this plaintiff to settle the action brought against him, or permit him to compromise any liability to which he might be subjected in that action, over and above the amount stipulated in the policy. This is precisely what he agreed in the policy issued to him he would not do. The policy is the contract between the parties. It definitely fixes their rights and obligations. The plaintiff expressly agreed that he would not, without the written consent of the insurance company, settle any claim or interfere in any legal proceeding. The fact that the proposed payment or settlement by him would not have increased the insurance company's liability is beside the question. It would have been a violation of his agreement, and it was for the insurance company to say whether or not it would permit him to do as he wished. Having deliberately entered into the contract, he had to abide by its terms.

The order appealed from, therefore, in so far as it grants plaintiff judgment on the first cause of action, is reversed, and defendant's motion for judgment in its favor granted, with leave to plaintiff to serve an amended complaint, and in so far as it grants plaintiff judg-

ment on the second cause of action is affirmed, with leave to the defendant to withdraw its demurrer and answer. Settle order on notice.

DOWLING, J., concurs.

SCOTT, J. [1, 2] I concur in the result arrived at by Justice McLAUGHLIN, but as to the first cause of action I place my concurrence upon the fact that plaintiff did not pay the $3,750, which the injured person offered to accept. I do not understand that clause K of the contract would have stood in the way of such a payment. It does not absolutely forbid the insured to incur expenses or settle a claim without the written consent of the company, but merely provides that he may not so incur or settle, "except at his own cost." In other words, if he did incur expense or pay a sum in partial settlement, without the consent of the company, he could not recover the amount from the insurer. But if such payment would not increase the company's liability, or enhance its difficulties in defending the action, it would not amount to a breach of the contract.

CLARKE, P. J., and LAUGHLIN, J., concur.