Joseph A. McAleenan, Respondent, *v.* Massachusetts Bonding and Insurance Company, Appellant.

First Department, July 13, 1917.

Pleading — complaint — insurance — action on policy indemnifying against injuries caused by automobile — amendment of complaint not curing prior defects — when bad faith of defendant in refusing to settle action immaterial.

Where the court on a former appeal held that a first count in a complaint against an insurance company did not state a cause of action based on its refusal to permit the plaintiff to settle an action for personal injuries caused by his automobile, which liability was partially covered by the defendant's policy, but did hold on that appeal that the second count of the complaint stated a cause of action based on the defendant's failure to take an appeal from a judgment against the plaintiff within the time limited therefor and as it had agreed to do  the insufficiency of the first count was not cured by an amendment which merely added to the previous allegations the charge of bad faith on the part of the defendant and alleged that its refusal to permit a settlement was a breach of its agreement to defend the action against the plaintiff and that it acted in bad faith in failing to take an appeal, etc.

The latter allegation was a mere reiteration of the allegations of the second count which was sustained, and as it was held that the plaintiff had a cause of action on the defendant's failure to appeal it was immaterial whether it withheld its consent to a settlement in good or in bad faith.

Appeal by the defendant, Massachusetts Bonding and Insurance Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 23d day of April, 1917, overruling its demurrer to the first cause of action alleged in the amended complaint.

*Clayton J. Heermance* [*S. Michael Cohen* with him on the brief], for the appellant.

*Herbert C. Smyth* [*Frederic C. Scofield* with him on the brief], for the respondent.

LAUGHLIN, J.:

The plaintiff, both in the original and in the amended complaint, attempted to allege two causes of action separately stated and numbered. In the first count of the original and amended complaints he alleged that the defendant insured him against liability for accidents that might be caused by his Locomobile touring car and, among other things, to the extent of $5,000 for a death resulting therefrom; that a person was accidentally killed by the car and an action was brought to recover therefor; that plaintiff thereupon gave notice to defendant of the accident and in accordance with the provisions of the policy called upon it to defend and delivered to it the summons and complaint as required by the policy; that defendant undertook the defense of the action .but at its request plaintiff employed counsel to assist in the defense; that pending the trial the administratrix, the plaintiff in that action, offered to settle for $7,500 and the plaintiff herein notified defendant thereof and of his willingness to contribute $3,750, but that the defendant refused to participate in the settlement or to permit plaintiff to settle and plaintiff thereupon protested against defendant's refusal to permit him to settle and notified defendant that he would hold it for any sum or judgment that he might be called upon to pay or that might be recovered in the action; that the administratrix thereafter offered to settle with plaintiff for $3,750 over and above the indemnity liability of the defendant and to continue the action and to reduce any verdict recovered to the sum of $5,000, and that plaintiff notified defendant of this offer and of his willingness to settle and to continue to aid in the defense, but that defendant refused to consent and notified plaintiff that owing to the provisions of the policy, which precluded the plaintiff from making any settlement without defendant's consent in writing, it would deny any liability if he made a settlement; that the trial resulted in a verdict of $12,500, upon which judgment

was entered for $13,131.98, which the defendant on demand refused to pay and which plaintiff was obliged to pay and did pay out of his own funds $7,826.58, in addition to the sum of $5,386.38 contributed by the defendant, and plaintiff demanded judgment for the amount he was obliged to pay over and above the amount so paid by the defendant.

On a former appeal this court held that the first count as thus pleaded, which did not involve the failure of the defendant to take an appeal, on which plaintiff had judgment on the demurrer at Special Term, was insufficient, but that the second count, which was for defendant's failure to take an appeal within the time limited therefor as it had agreed to do, was sufficient. (173 App. Div. 100; affd., 219 N. Y. 563.) The defendant thereafter answered the second count, which remained unamended, and that is not now before us. The plaintiff under leave granted by this court amended the first count by alleging *bad faith* on the part of the defendant in refusing to permit a settlement, and that such refusal constituted *a breach of its agreement to defend, protect and represent* the plaintiff's interests in the action, and by further alleging *an agreement* on the part of the defendant, after the entry of the judgment in the action, to take and conduct an appeal, and *its violation in bad faith* of its agreement to defend, protect and represent the plaintiff's interests in the action by failing to take an appeal and by permitting the time therefor to expire without plaintiff's knowledge or consent. If the rule of liberal construction with respect to pleadings is to be applied to the first count of plaintiff's amended complaint, then the order would be right, for on that theory the first count as amended tends to allege, within our former decision, a cause of action for agreeing to and failing to take an appeal within the time allowed therefor. Since, however, the second count, which has been sustained as stating a good cause of action, is for a recovery solely on that theory and plaintiff has attempted to amend and bolster his alleged cause of action for defendant's refusal to permit him to settle by alleging *bad faith*, we think that the allegations of the amended complaint with respect to the failure of the defendant through bad faith to take an appeal, now incorporated in the first count, may be and should be con-

strued as relating to the alleged cause of action for not permitting a settlement and not as stating an independent cause of action to the same effect as that alleged in the second count. The plaintiff should not be heard to say, and his counsel only makes the claim incidentally, that he has alleged the same cause of action in both counts for that would be a plain violation of Code requirements with respect to pleading. This court, by a majority vote, on the former appeal held that the provisions of the policy did not preclude a settlement by plaintiff with respect to his liability in excess of the indemnity for which the plaintiff would be liable. It is quite immaterial, therefore, whether defendant granted or withheld its consent to a settlement or whether it acted in either good or bad faith, for plaintiff had a right to protect himself with respect to such excess liability without consulting the defendant. We are of opinion that the new allegations in the first count do not render the decision on the former appeal inapplicable and that it is still controlling.

It follows that the order should be reversed, with ten dollars costs and disbursements, and demurrer sustained, with ten dollars costs, but without leave to plaintiff to plead over.

CLARKE, P. J., SMITH, PAGE and SHEARN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and demurrer sustained, with ten dollars costs, without leave to plaintiff to plead over.