JOSEPH A. McALEENAN, Respondent, *v.* MASSACHUSETTS BONDING AND INSURANCE COMPANY, Appellant.

First Department, February 6, 1920.

Insurance — liability insurance — liability of insurer to assured for amount of judgment in excess of face of policy which assured was compelled to pay — estoppel of insurer to deny liability and amount of damages where it failed to take appeal as promised.

Where a liability insurance company assumed the defense of an action for negligence against the owner of an automobile whom it had insured, and a judgment was entered for a sum in excess of the amount in which said owner was indemnified, and the company through its attorneys promised

and assured the owner that they would take an appeal and secure the reversal of the judgment, but failed to take said appeal, and the owner was first advised of such failure after the time to appeal had expired, said company, in an action by the owner to recover damages suffered by reason of the failure of the company to bring the appeal, is estopped to deny its liability, and that the plaintiff was damaged to the extent of the sum which he was compelled to pay.

And it was not incumbent on the owner to introduce in evidence the record and minutes in the negligence action to show that a reversal would have resulted if an appeal had been taken therein, for in view of the acts and representations of the insurance company it was precluded from asserting that an appeal would have been without effect and that a reversal would not have resulted had such an appeal been taken.

Appeal by the defendant, Massachusetts Bonding and Insurance Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 2d day of December, 1918, upon the decision of the court after a trial before the court, a jury having been duly waived.

*Emory R. Buckner* of counsel [*William A. Feuchs* with him on the brief; *Rosenthal & Heermance*, attorneys], for the appellant.

*Herbert C. Smyth* of counsel [*John Purdon* with him on the brief; *Wellman, Gooch & Smyth*, attorneys], for the respondent.

Merrell, J.:

The plaintiff, Joseph A. McAleenan, was insured by the defendant, Massachusetts Bonding and Insurance Company, against liability for damages for injuries to third persons caused in the operation of said plaintiff's automobile. Under the contract of insurance, the liability of the defendant company was limited to $5,000.

The plaintiff met with an accident as the result of which one Pietro Cimino lost his life as the result of an injury received from plaintiff's said automobile. An action was brought by the administratrix of Cimino to recover damages based upon the alleged negligence of the plaintiff herein. Under the terms of the policy of insurance issued by the defendant to the plaintiff the defendant bonding company

assumed the defense of the action. The defendant herein furnished its attorney, Holmes, and trial counsel, Heermance, to defend the Cimino action against the plaintiff. The trial resulted in a judgment in favor of the administratrix of Cimino against this plaintiff for $13,131.98. No appeal was taken from that judgment. The defendant bonding company paid the administratrix the limit of its liability, $5,000, besides interest and costs of the action. The plaintiff in this action was compelled to pay the balance of the recovery, amounting to $7,826.58. Thereupon the present action was brought by McAleenan against the bonding company to recover the moneys thus paid by him to satisfy the judgment rendered against him. The basis of the action was the alleged negligence and failure of the defendant to take and prosecute an appeal from the judgment recovered against this plaintiff in the Cimino action.

This action has been twice before this court upon demurrer to the first cause of action contained in the complaint. The first demurrer to the first cause of action was sustained by this court. (173 App. Div. 100; affd., without opinion, 219 N. Y. 563.) The first cause of action set forth in the complaint herein was then amended, and the defendant demurred thereto, and said demurrer was sustained by this court. (179 App. Div. 34.) Thereupon the case proceeded to trial upon the second cause of action set forth in the complaint herein. A jury was waived and the trial was had before the court without a jury, and plaintiff recovered judgment against the defendant for $9,321.10. From said judgment this appeal is taken.

Under the terms of the policy of insurance issued by the defendant to plaintiff whereby it agreed to indemnify plaintiff from damages to the extent of $5,000, it was provided that in case action should be brought against the plaintiff for negligence by a third party the defense of said action would be assumed by the defendant bonding company. And, as before stated, when the action was brought by the administratrix of Cimino to recover damages for the death of her husband, which was alleged to have occurred by reason of the negligence of this plaintiff in the operation of his automobile, the defendant herein assumed the defense of such

First Department, February, 1920.          [Vol. 190.

action.   As before stated, the attorney of record representing this plaintiff as defendant in said personal injury action and the trial counsel were provided by the defendant bonding company.   Upon the trial the plaintiff herein was also represented by his attorney in the present action, who was present upon the trial.   Upon the rendition of the verdict of the jury upon said trial in favor of the plaintiff and against the defendant (plaintiff herein) both Holmes and Heermance, as attorney of record and trial counsel of the defendant in said action, stated to defendant and his attorney, Smyth, that there would be an appeal taken, and that the defendant bonding company expected to reverse the judgment entered against the defendant therein.   After judgment was entered upon said verdict the attorney of record of the bonding company stated to the personal representative of this plaintiff that plaintiff should not bother about preparing for a bond on appeal until notified that the bonding company was ready to serve the notice of appeal; that the company would give him ample notice and notify him at the same time; that of course they intended to appeal and that there was no doubt about there being a reversal of the judgment.   Heermance, trial counsel for the bonding company, wrote McAleenan's personal counsel, Smyth, asking for the minutes of the first day's trial in order to provide for the appeal.   It was stipulated upon the trial by counsel for the defendant herein as follows:   " It will also be conceded, I take it, that Mr. Holmes was the attorney of record both on the trial and on the appeal, and that Mr. Heermance was trial counsel at the time of the trial, and engaged in the trial with Mr. Smyth, and was also counsel to argue the appeal."

The policy of insurance, by one of the conditions annexed thereto, provided as follows:   " Whenever requested by the company, the assured shall aid in securing information and evidence, and the attendance of witnesses, and in effecting settlements, *and in prosecuting appeals.*"

This provision, last above quoted, clearly indicates that the company understood its obligation to bring an appeal in case judgment was entered against the defendant in the personal injury case.   But the only authorized attorneys and agents for the defendant company clearly bound the company in promising the plaintiff herein to take an appeal and assuring

him of their ability to reverse the judgment entered against him. No appeal was, in fact, taken. Plaintiff relied upon the promises and representations of the agents and attorneys for the defendant company, and took no further steps to protect himself by bringing an appeal from the judgment entered against him. He was first advised of the failure to appeal after the time to appeal had expired, when the attorney for Cimino called upon him to pay the judgment and threatened, unless the judgment was satisfied within twenty-four hours, that he " would have to put the sheriff into his place." The only course then remaining to him in order to avoid the issuance of execution for the collection of the judgment was to pay the same, which plaintiff did. Thereupon this action was brought to recover the damages suffered by the plaintiff through the neglect and failure of the defendant to bring the appeal which its agents had assured the plaintiff would be brought.

Upon the trial there was little dispute upon the facts. The attorney for the plaintiff in the personal injury action was sworn and testified that during the progress of the trial negotiations were had looking to a settlement of the action, as the result of which the plaintiff in that action consented to accept in full from the defendant the sum of $7,500, damages; that the defendant in said action (this plaintiff) had consented to pay one-half thereof, or $3,750, but that the defendant herein, the bonding company, would not pay to exceed $2,500, and refused to permit McAleenan to make settlement with the plaintiff in the personal injury action for the excess of liability beyond the amount covered by the policy issued to the plaintiff herein. The attorney for the plaintiff in the personal injury action also testified that he had but one witness by which to establish the cause of action, and that, as he expressed it, he had a " rather thin " case, and that the attorney of record and trial counsel for McAleenan were very " cocky " and sure that the plaintiff in that action would be unable to obtain a recovery, and that, upon the evidence presented, if a recovery was had the judgment thereon would be reversed.

The defendant in the present action, upon the trial, offered in evidence the minutes of the trial in the personal injury

action against this plaintiff for the purpose of showing that no grounds existed upon which to obtain a reversal of the judgment in that action. Under objection of counsel for the plaintiff herein the trial court refused to receive said minutes of trial in evidence, the court holding that the defendant, through its attorneys and agents, having refused to permit an appeal to be taken by the plaintiff herein from the judgment in the personal injury action, and in agreeing and assuming to prosecute an appeal from said judgment, took away from the plaintiff valuable rights which he had and was estopped from denying that there were reversible errors upon the trial and from asserting that the plaintiff herein suffered no damages by reason of the failure of the defendant to bring an appeal from said judgment. The defendant insists upon this appeal that as a part of plaintiff's case showing that he suffered damages by reason of the failure to bring said appeal it was incumbent upon him to introduce in evidence the record and minutes of the trial of the personal injury action showing the commission of error on said trial or that the verdict rendered was against the weight of the evidence, and that a reversal would have resulted from such appeal, had one been taken. It seems to me that the court properly held that in view of the attitude of the representatives of the defendant bonding company and of its assurance to the plaintiff herein that an appeal would be taken and that a reversal would result, thus lulling him into security and depriving him of his right to appeal, defendant is precluded from asserting that an appeal would have been without effect, and that a reversal would not have resulted had such an appeal been taken. Aside from the question as to whether or not errors were committed upon the trial requiring a reversal, had an appeal been taken it might thereon have been determined whether or not the verdict rendered was against the weight of the evidence. The amount of the verdict also might have been tested and a determination reached whether or not the recovery was, under the circumstances, excessive. Not only that, but the failure of the defendant to bring an appeal precluded any possible compromise of the recovery which might have been effected, had an appeal been taken. Furthermore, there was lost to the plaintiff herein the privilege of paying up

the amount of the judgment recovered promptly and stopping the accumulation of interest thereon. All of these were valuable rights which the plaintiff herein lost as the result of the failure of the defendant to keep and perform its representation and promise to bring an appeal from said judgment.

The case of *Globe Navigation Co., Ltd.,* v. *Maryland Casualty Co.* (39 Wash. 299; 81 Pac. Rep. 826) seems to be exactly in point. In that case it was held that estoppel to deny liability on the part of the appellant to respond in damages arose from a similar act of the defendant. In the course of its opinion in that case the court said: " It is insisted that estoppel does not arise unless it is shown that respondent has been actually prejudiced, and that it does not appear that the judgment of the Hawaiian Court was wrong, and would have been reversed on appeal. That is a matter this court cannot determine. * * * The respondent, therefore, had the absolute right to have the cause reviewed on appeal. It was induced to abandon that right by the conduct of appellant, and the latter should not now be heard to say that respondent was not prejudiced because of mere absence of a positive demonstration that it would have secured a reversal on appeal. No one except the Infinite Mind can determine that question to a certainty at this time. Not even the court that would have reviewed the case can now know whether in its view reversible error would have appeared or not. But the certain fact does appear that, by reason of appellant's conduct, respondent did not have the benefit of the wisdom and experience of the learned judges of the appellate tribunal, the United States circuit court of appeals. We, therefore, think appellant is now estopped to deny its liability to pay as it promised, which included both the amount of the judgment and the subsequently incurred costs."

It is, of course, impossible, in the case at bar, to say what would have been the result had an appeal been taken. But by reason of the conduct of the defendant bonding company, plaintiff was deprived of opportunity of review in the appellate court, and the defendant, whose act deprived plaintiff of his rights, is, it seems to me, estopped to deny its liability to reimburse plaintiff for the full amount which he was compelled to pay.

First Department, February, 1920.          [Vol. 190.

In the case of *Gordon, Inc.*, v. *Massachusetts Bonding & Insurance Co.* (186 App. Div. 630) we held that by the conduct of the defendant bonding and insurance company it had clearly waived the right to disclaim liability through any breach of warranty with reference to the use of a vicious horse in plaintiff's business; that in assuming the defense of the action there and in precluding the assured from making a reasonable settlement with the injured party the insurance company deprived the plaintiff of substantial rights.   There can be little question that had an appeal been taken, plaintiff would, at least, have been able to have effected a compromise which would have greatly reduced the damages which he would have been compelled to pay.

It seems to me, by the act of the defendant in the case at bar, the plaintiff herein was deprived of very substantial rights, and that, therefore, this defendant is estopped from insisting that by reason of its failure to appeal the plaintiff has not suffered damages.   I do not think the defendant herein, having thus deprived plaintiff of his valuable privileges in the premises, is in a position to raise the question that plaintiff has not suffered damages in the amount actually paid by him to discharge said judgment.

Had the defendant, upon the rendition of the judgment, withdrawn from further participation in the litigation, the plaintiff would have been free to have appealed from the judgment.   But the defendant did nothing of the kind.   On the contrary, it assured plaintiff that he need not concern himself about the appeal; that the defendant would appeal, and that it expected to reverse the judgment.   Plaintiff trusted defendant and relied upon its promise, and was only advised of defendant's failure to appeal after it was too late for him to act.   As the result, plaintiff was compelled to pay the full amount of the recovery, less the amount in which he was indemnified by defendant's policy of insurance.   Under such circumstances it does not lie in defendant's mouth to question either the fact that plaintiff was damaged by reason of its neglect or the amount of the damages sustained.

Certain decisions are cited by the appellant herein as authority for the necessity of establishing by proof the fact that an appeal, had it been taken, would have resulted in

a reversal of the judgment, but in none of those cases was the question presented as to whether the appellant was estopped by reason of acts which deprived the assured of valuable rights.

The judgment appealed from should be affirmed, with costs.

CLARKE, P. J., LAUGHLIN, SMITH and PAGE, JJ., concur.

Judgment affirmed, with costs.