## No. 11,986.

· Hartford Fire Insurance Company *v.* Brothe.

Decided December 27, 1927.

Action on fire insurance policy.   Judgment for plaintiff.

## *Affirmed.*

### *On Application for Supersedeas.*

1.   Principal and Agent—*Insurance—Authority.*   A registered letter canceling a fire insurance policy was delivered to a brother of the insured, whose only authority was to receipt for and deliver it to the insured, who did not receive it until after the property was destroyed by fire.   Held, that delivery to the brother did not constitute delivery to the insured.

2.   Insurance—*Cancellation of Policy.*   A letter canceling a fire insurance policy, although written and posted some 17 days before the property was burned, was not delivered to the insured until the evening of the day of the fire and after its occurrence.   In as much as the letter provided that the cancellation should be "effective upon receipt of this notice," it is held that it was received too late to effectuate its purpose, and that the company was liable for the loss.

*Error to the District Court of Adams County, Hon.*
          \  *Samuel W. Johnson, Judge.*

Messrs. Fowler & Fowler, Messrs. Myers & Snerly, for plaintiff in error.

Mr. Harry S. Class, for defendant in error.

*Department One.*

Mr. Justice Sheafor delivered the opinion of the court.

Suit brought by Brothe against the Hartford Fire Insurance Company, hereinafter referred to as the defendant, to recover $1,500 on an insurance policy issued

by the company in October, 1924, covering the barn, sheds, foundation and fixtures of defendant in error, who will hereinafter be referred to as the plaintiff. Trial to the court without a jury; findings and judgment for the amount claimed, and defendant brings the case here. Supersedeas applied for and a request that the case be decided upon this application.

A fire occurred on October 21, 1926, which destroyed plaintiff's property covered by the policy. Defendant claims that the policy had been canceled and was not in force at the time of the fire, and whether it was or not is the question now presented to us for determination.

The application for the insurance contains these words, "Application of Richard Brothe of Deer Trail, State of Colo." Where his post office should appear are these words, "My post office address is————." The application is signed by Richard Brothe. On the outside of the policy appear the words, "Richard Brothe of Deer Trail, County of Adams, State of Colorado."

The policy contains, among others, this provision: "This company reserves the right to cancel this policy, and any part thereof, by tendering to the assured the unearned pro rata premium, after due notice to that effect, either by mail addressed to the assured at his, her or their post office address as named in this policy, or otherwise."

On October 4, 1926, the company addressed the following letter to plaintiff:

"October 4, 1926.

"Registered letter
"Return receipt requested
"Mr. Richard Brothe,
"Deer Trail, Colo.
"Dear Sir:

"You will please take notice that the Hartford Fire Insurance Company of Hartford, Connecticut, desires to, and does hereby cancel insurance under your Policy

217597, issued through its Deer Trail, Colo. Agency and covering farm property situated on 980 acres, in Section 32, Town. 2, Range 58 in Adams County, Colo. In accordance with the terms and conditions of the Policy we enclose $41.31 representing the pro-rata unearned premium.

"Cancellation of your policy is effective upon receipt of this notice. You understand, of course, that there is nothing personal in this action on our part. As the policy is of no further value, we shall thank you to forward it in the enclosed addressed envelope."

The above letter of cancellation was mailed in Chicago, on October 6, and addressed to Richard Brothe, at Deer Trail, Colorado, and as indicated it was registered and return receipt requested. It contained a check for the unearned premium. The proper postage was prepaid and the envelope on the upper left-hand corner contained the name of defendant.

The letter arrived at Deer Trail and was forwarded to Byers, Colorado, and received there October 15. The Byers postmaster sent it to Leader, Colorado, in the morning of October 16, and on the same day, October 16, it was returned to the Byers postmaster. The postmaster at Leader called up plaintiff about the letter and Brothe then called the postmaster at Byers and asked him to deliver the letter to his brother, Charles Brothe. Charles Brothe obtained the letter from the postmaster at Byers on October 18, and signed the registry receipt bearing date October 18, 1926. The postmaster at Byers then returned the registry receipt to the defendant.

Charles Brothe testified that after receiving the registered letter he proceeded to Denver, and that he delivered the letter to his brother, at his brother's home, on the evening of October 21, after the fire, and that the plaintiff read the letter at that time. This was corroborated by other evidence and not disputed.

Plaintiff was a rancher living twenty miles from Byers and Deer Trail, and twelve miles from Leader. Leader

is a post office twenty miles north of Byers, and plaintiff got his mail about three times a week at the Leader office. The Leader mail left Byers for Leader on Tuesdays, Thursdays and Saturdays of each week.

From the foregoing, it appears that the plaintiff did not receive the letter of cancellation and the unearned premium check until he received them at his home on the evening of October 21, after the fire, although his brother received them on October 18, at the post office at Byers. The plaintiff's contention is that he did not receive notice of the cancellation, or of the company's intention to cancel the policy, until after the fire, while the defendant's contention is that the plaintiff's brother was his agent, authorized by plaintiff to get the letter, and when it was delivered to his brother it was delivered to plaintiff, but that if this were not so, that is, if the letter never had been received by assured, the cancellation provision of the policy was complied with when the letter was mailed.

It does not appear from the testimony that plaintiff's brother was authorized to open the letter, or that he did open it.

Under the provision of the policy quoted, the defendant could cancel the policy by mail or otherwise.

We have examined the authorities cited by defendant to support its proposition that notice received by the agent of the insured is notice to the insured. We are of the opinion that these authorities do not apply to the instant case. In the cases cited, the agents were either agents of corporations whose business it was to receive the correspondence of the corporation and attend to its business, or agents who were authorized to transact the business in which they were engaged, and acting within the scope of their employment and agency.

Here, the only authority given Charles Brothe was to receive the letter and deliver it to plaintiff. In its letter, the defendant stated that the cancellation would be effective upon receipt of that notice. The sentence in the

letter relative to the time when the cancellation would be effective must be regarded as defendant's own construction of the policy. The defendant had the right, under the policy, to name any date or time satisfactory to itself when the cancellation should take effect. It saw proper to inform plaintiff that the cancellation of the policy would be effective upon receipt of that notice. By that it is bound. The notice was received by plaintiff too late to effectuate its purpose. Supersedeas denied and judgment affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE DENISON and MR. JUSTICE BUTLER, concur.