**BREWER v. MARYLAND CAS. CO.**
No. 12356.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 9, 1952.

Rehearing Denied Feb. 6, 1952.

Morriss, Morriss, Boatwright & Lewis, San Antonio, for appellant.

House, Mercer & House, San Antonio, for appellee.

POPE, Justice.

This is an appeal from a judgment upon an instructed verdict in favor of Maryland Casualty Company and involves two legal points: whether the insurer canceled a public liability policy prior to the date of an accident which injured appellant, Charles C. Brewer, and whether a settlement agreement between Brewer and the insured cut off any liability of the insured toward Brewer, thereby also relieving the insurer of liability under a policy requiring it to pay any existing liability.

The insurance company issued its policy in favor of Geo. Briggs on March 11, 1946, and charged him a total premium of $40.75. By four small payments, Briggs reduced his balance for unpaid premiums to $10.75, and in December the insurance company billed Briggs for that balance and at the same time warned him that the policy would be cancelled unless it was paid. The balance was never paid, and on December 16th Mrs. Briggs, while driving the automobile covered by the insurance, ran into and injured appellant, Brewer. Brewer sued Briggs and recovered judgment for $12,000, but the insurance company denied liability under its policy and refused to defend the suit, since it claimed a cancellation of the policy prior to December 16, 1946, the date of the accident. The insurance company does not urge that nonpayment of the premium itself terminated the policy, but that the company had canceled by taking the affirmative action required by the policy. The pertinent policy provision stated: "This policy may be canceled by the company by mailing to the named insured at the address shown in this policy written notice stating when not less than five days thereafter such cancelation shall be effective. The mailing of notice as aforesaid shall be *sufficient proof of notice and the effective date and hour of cancelation stated in the notice shall become the end of the policy period.* Delivery of such written notice either by the named insured or by the company shall be equivalent to mailing."

The policy had been issued to "Geo. Briggs." On December 5, 1946, several days before the accident, the insurance company addressed an envelope to "R. George Briggs, 2025 Fresno St., San Antonio, Texas." That was the insured's correct address and no other George Briggs resided there. A letter was then mailed by ordinary mail that same date, the pertinent portions of which stated: "Dear Sir: We hereby give you notice that Policy No. 22–188519 issued to you by the Maryland Casualty Company Insurance Company of Baltimore, Maryland, is hereby cancelled, *said cancellation to be effective five (5) days after receipt of this notice by you,* at which time, under the terms and provisions of said policy, all liability of this Company thereunder shall cease and terminate."

Briggs was called as a witness and he denied that he ever received such a notice and if actual receipt was necessary, we think that a jury issue was presented on that issue. The important consideration, however, is whether actual receipt was necessary under the policy, or whether mailing the letter constituted compliance with the contract. The insurance company claims that receipt of the letter by the post-office was receipt of cancellation notice by Briggs under the policy. Brewer contends that the letter fixed the effective cancellation date as five days *"after receipt of this notice by you."*

Under the quoted provision of the policy, proof of notice of cancellation may be made by proof of mailing a written notice to the named insured at the address shown by the policy. Under that provision, cancellation is effective on the date and hour of cancellation stated in the notice. If the written notice had fixed a date and hour certain, we think the authorities hold that the provision is met by proof of mailing, whether the notice is received or not. Duff v. Secured Fire & Marine Ins. Co.,

Tex.Civ.App., 227 S.W.2d 257; Gulf Ins. Co. v. Riddle, Tex.Civ.App., 199 S.W.2d 1000; Aetna Ins. Co. v. Aviritt, Tex.Civ. App., 199 S.W.2d 662; California-Western States Life Ins. Co. v. Williams, Tex.Civ. App., 120 S.W.2d 844.

■ The written notice did not fix a date certain for which the cancellation was effective, and the insurer had a wide choice of many times and dates for the effective cancellation moment. The notice here, instead of fixing a definite time, the arrival of which would be the definite cancellation date, selected an uncertain time to become fixed by the happening of a future event. That event was the *"receipt of this notice by you."* From and after the occurrence of that event, the insurer, by its written notice, would commence to compute a period of five days, and at the end of those five days, after the happening of the event chosen, the policy would be canceled. We think that "you" meant the person addressed in the letter, for that is the ordinary meaning conveyed to an ordinary man in the exercise of ordinary care. Frontier-Pontiac v. Dubuque Fire & Marine Ins. Co., Tex.Civ.App., 166 S.W. 2d 746.

■ Hartford Fire Ins. Co. v. Brothe, 83 Colo. 126, 262 P. 927, 928, was an example of a policy provision which permitted notice by mailing addressed to the assured at the address named in the policy. While it did not provide that mailing of the notice would be proof of notice, it did pass upon the effective date of the cancellation notice, which provided: "Cancellation of your policy is effective upon receipt of this notice." The court said: "The defendant had the right, under the policy, to name any date or time satisfactory to itself when the cancellation should take effect. It saw proper to inform plaintiff that the cancellation of the policy would be effective upon receipt of that notice. By that it is bound." And we think that the appellee is bound by its statement as to the effective date of its cancellation. To determine this date, it becomes necessary to determine if and when the assured actually received notice. Accord, Werner v. Commonwealth Casualty Co., 109 N.J.L. 119, 160 A. 547; Kamille v. Home Fire & Marine Ins. Co. of California, 129 Misc. 536, 221 N.Y.S. 38.

■ It cannot be argued that the policy provisions will control over the written notice which, it is claimed, had an incorrect date for cancellation. The date selected by the insurer in the notice is not an incorrect date or inconsistent with the policy provision, since the policy permits the insurer to select its own cancellation date provided it is not less than five days after mailing. It can choose such time thereafter as it desires. Hence, we do not have an incorrect date in the notice of cancellation, but we have a date that the policy permits the insurer to choose. With a policy that so permits, appellee cannot be heard to claim that the policy became canceled at a date earlier than its own notice fixed. The object of such notice is to inform the insured so he may obtain new insurance if he desires. To give effect to appellee's argument would be to permit the insurer to inform the insured of one cancellation date but cancel his policy at an earlier and different date. A notice of cancellation effective at an earlier date than permitted by a policy would be controlled by the policy, California-Western States Life Ins. Co. v. Williams, supra, but a cancellation date effective on a date permitted by the policy is effective on that date.

■ Appellant urges that the notice failed by reason of its being addressed to R. George Briggs rather than Geo. Briggs, who was named in the policy. An insurance company is held to strict compliance with the cancellation provision. 45 C.J.S., Insurance, § 450b(1); 6 Appleman, Insurance Law and Practice, § 4181; 5 Am. Jur., Automobiles, § 507. However, we think there is such identity in names as is necessary to accomplish every purpose of a notice. No other George Briggs resided at the place to which the letter was addressed, and we think it is sufficient to inform the insured as an ordinary person, that he was the one concerned. Frontier-Pontiac v. Dubuque Fire and Marine Ins. Co., supra.

Having determined that there was no cancellation of the policy, the question is next presented whether the insured had by his agreement with Brewer relieved the insurer of any liability under the judgment. After the insurer denied liability under its policy and refused to defend the insured, Brewer obtained a judgment against Briggs and wife for $12,000. The policy limit for bodily injury liability to each person was $5,000, by reason of which it is apparent that in any event the judgment imposed upon Briggs an excess liability of $7,000. On February 25th, Briggs paid Brewer $2,000 under terms stated in a letter from Brewer: "In consideration of the payment by George M. Briggs and wife of $2,000.00 and the court costs to me, on account of the judgment obtained by me in the above cause, this is to evidence our mutual understanding that I reserve and shall have the right to file and prosecute my claim against Maryland Casualty Company as your insurer, covering the accident in question under the $12,000.00 judgment which I hold, and that when such claim and suit shall have been finally disposed of by settlement or final judgment, I will, without any further payment from you other than the above amount paid at this time, release the above judgment in full against you. In other words, the judgment is to be released when the claim against the insurance company is finally disposed of in consideration of the $2000.00 and costs now paid by you, plus whatever amount I may be able to recover against said insurance company."

Appellee insurance company construes this letter as a complete release by Briggs and wife which destroyed any liability of Briggs and wife for the personal injury to Brewer, and reasons that when the present suit was filed no obligation on the part of Briggs and his wife existed toward Brewer at all. Appellant counters this argument by claiming that the letter was not a release and in any event that it constituted an agreement only as to the excess liability over and above the $5,000 limits of the policy.

The policy provided for the steps an injured third-person might take after obtaining judgment by saying: "Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. Nothing contained in this policy shall give any person or organization any right to join the company as a co-defendant in any action against the insured to determine the insured's liability."

That provision of the insurance policy, together with Brewer's judgment, gave appellant a claim against the insurance company under the terms of its own policy. Accord, American Fidelity & Casualty Co. v. Williams, Tex.Civ.App., 34 S.W.2d 396; 46 C.J.S., Insurance, § 1191. Brewer also had a claim and a judgment for $12,000.00 against Briggs. Briggs had the right to protect himself and settle as regards the $7,000 liability in excess of the terms of his policy. McAleenan v. Massachusetts Bonding & Ins. Co., 173 App.Div. 100, 159 N.Y.S. 401; Pickett v. Fidelity & C. Co., 60 S.C. 477, 38 S.E. 160; Powers v. Wilson, 139 Minn. 309, 166 N.W. 401; Mears Min. Co. v. Maryland Casualty Co., 162 Mo.App. 178, 144 S.W. 883; Traders & General Insurance Co. v. Rudco Oil & Gas Co., 10 Cir., 129 F.2d 621, 142 A.L.R. 799; accord, United States Fidelity & Guaranty Co. v. Pressler, Tex.Civ.App., 185 S.W. 326; Hardware Mut. Casualty Co. v. Hildebrandt, 10 Cir., 119 F.2d 291, 300. The insurer states that this is not what the letter did, but, rather, it released all of the judgment. We think not. The letter states that Brewer reserved the right to prosecute "my claim" against Maryland Casualty Company as insurer. He recognized that he had a direct claim under the terms of the policy against the insurer, and he reserved the right to so proceed. The letter then states that the consideration for a future release of the judgment was the $2,000 paid by Briggs, "plus whatever amount I may be able to recover against said insurance company." This recognized that the consideration to Brewer for a complete release was the money paid by Briggs and the final disposition of his claim against the insurance company. When that was accomplished, and not until then, Brewer

wrote that he would release Briggs in full. The letter was a settlement of Briggs' liability for only the excess above the policy limits. 6 Appleman, Insurance Law and Practice, § 4714; General Accident Fire and Life Assur. Corp. v. Louisville Home Telephone Co., 175 Ky. 96, 193 S.W. 1031, L.R.A. 1917D, 952. We do not think the letter is subject to the construction urged by the insurer.

The judgment is reversed and remanded to determine whether, and if so when, the cancellation notice was received by the insured Briggs.