IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-105-CV





TRACY POOL AND COLETTE POOL, INDIVIDUALLY AND AS NEXT


FRIENDS OF ASHLEY POOL, DECEASED,




 APPELLANTS


vs.





STEPHEN S. DURISH, RECEIVER FOR PROFESSIONAL MUTUAL


INSURANCE COMPANY,




 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT



NO. 475,194, HONORABLE HUME COFER, JUDGE PRESIDING



 




 Appellants Tracy and Colette Pool ("the Pools") sued appellee Steven Durish, the
appointed Receiver for Professional Mutual Insurance Company ("the Receiver"), after he
partially rejected their claim arising from injuries sustained by their child. The Pools claimed that
Dr. Robert Maul negligently caused their daughter's injuries and sought recovery against the
Receiver as a result of Maul's insurance coverage with Professional Mutual, an impaired insurer. 
The trial court granted the Receiver's motion for summary judgment. We will affirm the
judgment.

 The Pools sued Maul and Community Hospital of Lubbock in district court for
negligence resulting in the death of their infant daughter, Ashley. Maul had liability coverage
under an insurance policy with Professional Mutual. When Professional Mutual went into
receivership, Durish was appointed Receiver to handle the impaired company's claims.

 After the Pools filed a claim with the Receiver, they settled their negligence action
against the insured by entering into a settlement agreement with Maul and the Hospital whereby
both were released "from any and all claims." Although the settlement agreement stated that this
release would not prevent the Pools from pursuing their claim then pending against the Receiver,
in the same paragraph the Pools again expressly agreed to "a full, complete and final discharge
and release" of Maul. 

 The Pools then sued to collect the statutory maximum $100,000 recoverable against
the Receiver for a liability claim of this nature. Tex. Ins. Code Ann. art. 21.28-C, § 5(8) (West
Supp. 1992). The Receiver moved for summary judgment, denying liability on the basis that the
Pools no longer had a viable cause of action against the insured because the Pools had released
Maul from all liability for his negligence. The trial court granted the motion and rendered
judgment that the Pools take nothing.

 The Pools propose five points of error relating to the district court's summary
judgment. The first three points challenge whether Maul's release from liability for his negligence
prevented recovery against the Receiver.

 The standards for reviewing a summary judgment are well established:


1. The movant for summary judgment has the burden of showing that there is no
genuine issue of material fact and that it is entitled to judgment as a matter of
law.


2. In deciding whether there is a disputed material fact issue precluding summary
judgment, evidence favorable to the non-movant will be taken as true.


3. Every reasonable inference must be indulged in favor of the non-movant and
any doubts resolved in its favor.


Nixon v. Mr. Property Management. Co., 690 S.W.2d 546, 548-49 (Tex. 1985).

 Article 21.28 of the Texas Insurance Code governs claims and suits against
receivers appointed to take charge of impaired insurers. Persons having a cause of action against
one insured by an impaired insurer may file a claim with the Receiver who may only approve a
claim if the claimant "would be able to obtain a judgment upon such cause of action against such
insured." Tex. Ins. Code Ann. art. 21.28, § 3(e) (West Supp. 1992). The Pools are correct in
asserting they have a statutory right of action against the Receiver once he has rejected their
claim. Tex. Ins. Code Ann. art. 21.28, § 3(h) (West 1981). The Pools' right of recovery against
the Receiver on a rejected claim, however, is dependent upon the viability of their claim against
Maul, the insured, and their ability to prove his liability for any injury incurred.

 The Pools admit that as a general rule a party who releases an insured from liability
retains no cause of action against the insurer. This rule applies because "[t]he insurance policy
does not bind the insurer for primary liability to an injured party, but its liability is contractual.
. . . It contemplates that the insured must be liable to the injured person . . . before the insurer
can be held liable." Hutcheson v. Estate of Se'christ, 459 S.W.2d 495, 496-97 (Tex. Civ.
App.--Amarillo 1970, writ ref'd). Settlement of all claims against the insured destroys this
required link. The Pools submit that the rule does not bar their claim under these facts because
they have a statutory cause of action against the Receiver despite the release and, in settling their
claim against Maul, they expressly retained the right to pursue their claim against the Receiver,
thus limiting their release of Maul. They cite several cases in support of their theory. Careful
examination of these cases, however, fails to reveal how the Pools' release reserved any right of
action against the Receiver.

 In Brodhead v. Dodgin, 824 S.W.2d 616 (Tex. App.--Austin 1991, writ denied),
the claimant obtained a final judgment against the insured employer of the driver who caused the
injury but agreed not to execute on this judgment. The claim against the insured was never
released; in the action against the Receiver, the issue of the employee's liability was submitted to
the jury. 

 Langdeau v. Pittman, 337 S.W.2d 343 (Tex. Civ. App.--Austin 1960, writ ref'd
n.r.e.), involved a release of any liability the insured might have for the excess amount over the
recoverable limit under the policy. The claimant reserved its right to file suit against the insured
for any recovery within the policy limits.

 In Brewer v. Maryland Casualty Co., 245 S.W.2d 532 (Tex. Civ. App.--San
Antonio 1952, writ ref'd n.r.e.), the injured party obtained a judgment against the insured. In
the settlement, this party pledged to release the insured from the judgment upon the successful
disposition of a claim against the insurer. 

 None of these cases involve an unconditional release of the insured from liability. 
The Pools' settlement, however, clearly released Maul from "any and all claims." They conceded
this point during oral argument before this court. We may not ignore the unambiguous terms of
the settlement agreement in order to reach a result the Pools may have intended.

 Because the Pools retained no claim against Maul but instead released him from any
liability, they cannot pursue any recovery from his insurer, the Receiver. We overrule the first
three points. (1)

 In their fourth point, the Pools attack the district court's holding that the settlement
agreement released Professional Mutual as well as Maul. Because we hold that Maul's release
alone was sufficient to preclude recovery against the Receiver, we need not address this point.

 In the Pools' final point of error, they complain that the Receiver did not personally
sign the certificate that stated the documents included in his motion for summary judgment were
true and correct copies of original records of his office. The Receiver is statutorily empowered
to certify copies for such a purpose. Tex. Ins. Code Ann. art. 21.28, § 11(b) (West Supp. 1992). 
The Pools objected to the trial court that Judith Mitchell, the Receiver's duly authorized agent
who signed the certificate, had no personal knowledge of the facts alleged. No evidence in the
record supports this claim. The Pools now claim on appeal that the Receiver himself was required
to sign the certificate. Defects in the forms of affidavits supporting a motion for summary
judgment are not grounds for reversal unless specifically pointed out by objection to the trial
court. Tex. R. Civ. P. 166a(f). The Pools have not preserved any error on this point; it is
accordingly overruled. 

 The judgment of the district court is affirmed.



 

 Marilyn Aboussie, Justice

[Before Justices Powers, Aboussie and B. A. Smith]

Affirmed

Filed: November 25, 1992

[Publish]
1. This is not an action dealing with the timeliness of filing suit on a rejected claim. Once the
claim is correctly filed with the Receiver, he may not be able to assert later at trial all the
procedural defenses the insured might have available at the time of the lawsuit. See Bailey v.
Brodhead, 838 S.W.2d 922 (Tex. App.--Austin 1992, no writ) (Statute of Limitations not available
at trial for Receiver if claim filed timely). In this case, the Pools released Maul, the insured
party, from all liability; therefore, no substantive ground for recovery against the Receiver
remains.